(No. 5922

ALEX SEWELL, Claimant, *v.* THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Respondent.

*Opinion filed January 31, 1979.*

WILLIAM H. SOUTH, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD G. HIGGINSON, Special Assistant Attorney General, for Respondent.

POCH, J.

The Claimant, Alix Sewell, seeks recovery of $5,000.00 in damages for personal injuries sustained on September 24, 1969, when the Claimant fell from her wheelchair on the campus of the Respondent, Southern Illinois Univeristy, Carbondale, Illinois.

At a hearing before a Commissioner of this Court the Claimant gave testimony. The parties also entered

into a written stipulation concerning certain facts. She contends that the Respondent was negligent in maintaining a grill in the sidewalk which caused her to fall, breaking her leg. The Respondent maintains that the Claimant has failed to prove that the State was negligent in the maintenance of the sidewalk and grill and that there was neither actual nor constructive notice of any defect to the State that there was a danger or hazard. The State claims that the Claimant failed to use ordinary and reasonable care for her own safety by failing to maintain a lookout for her own safety.

The facts, as adduced by testimony and stipulation, are not complicated nor are they contradicted. On September 24, 1969, the Claimant, a paraplegic student at Southern Illinois University, attended a physical education class at the Women's Gymnasium. She entered the building without incident and as she was leaving the same building, one of the front wheels of her wheelchair caught in a drainage grill in the sidewalk causing the Claimant to fall from her wheelchair. The fall caused a fracture to her left leg.

The evidence, by testimony and stipulation, proved by a preponderance of the evidence that the grill in question had been in place for many years. The grill at that time consisted of a series of iron grills each 25 inches long, seven inches wide and three-fourths of an inch thick. Each grill was comprised of 12 cross members three-eights of an inch wide and placed one and one-eighth inches wide by five and one-eighth inches long. Subsequently, in October, 1969, the grill was altered, by the welding or braising of a piece of one-half inch steel rod five and one-eighth inches long in the center of each grill. Later the grill was completely removed and the drain was enclosed.

The parties also stipulated that the Claimant was a regularly enrolled student as Southern Illinois University and due to paralysis of both legs, she was required to use a wheelchair to attend classes, including the physical education class at the Women's Gymnasium. The only other exits to this building were the north and south exits which were not at ground level.

The Claimant alleges that the fall and resulting injuries were due to the negligence of the University in maintaining the grill where wheelchair students would be exposed to hazard and danger. While the injury to the Claimant is unfortunate, the Claimant's evidence does not establish that the Respondent was negligent. There was no evidence presented to show that in any way the grill was defective. There was no evidence presented to show that the Respondent had actual or constructive notice of any previous accidents at that location. The uncontradicted evidence shows that the grill was in the same place in the sidewalk prior to the Claimant's injury. There was no prior accidents where a wheelchair had ever caught the grill.

The Claimant does not dispute that the University had taken steps to make its campus buildings and sidewalks accessible to handicapped and wheelchair students.

The Women's Gymnasium was used for all women's physical education courses. It was accessible for wheelchair students for the west door which was the door used by the Claimant. There was no evidence that the University had been notified of any prior accidents at that location. The Claimant knew of no one who had been injured there previously.

Neither the parties nor the Court have found any authority with similar factual circumstances. How-

ever, the law is clear that the State is not an insurer against accidents that may occur by reason of the condition of a State Highway. *Bloom v. State, 22 Ill.Ct.Cl. 582, 584 (1957)*. The same rule is applicable to sidewalks maintained by the State. The State has the duty to exercise reasonable care in the maintenance of its highways so that dangerous conditions likely to injure persons lawfully there shall not exist. *Metzler v. State, 27 Ill.Ct.Cl. 207, 209 (1971); Pacific Insurance Company of New York v. State, 27 Ill.Ct.Cl. 91, 94. (1971)*.

In order for the Claimant to recover damages arising from defects in the roadway (or sidewalks), the Claimant must prove the State was negligent and that such negligence was the proximate cause of the injury. *Bloom v. State, supra; Manus v. State, 22 Ill.Ct.Cl. 335, 338 (1956); McNary v. State, 22 Ill.Ct.Cl. 328, 334 (1956)*. Thus in order for the Claimant to recover she must prove that the State had actual or constructive notice of the defect that caused the injury. *Weygandt v. State, 22 Ill.Ct.Cl. 478, 485 (1957)*.

There is no proof of actual notice of any defect in the sidewalk or grill. As to constructive notice of a defect each case must be decided on its own facts. *Palecki v. State, 27 Ill.Ct.Cl. 108, 110 (1975)*. In the instant case, the Claimant has not proved that a dangerous condition existed and that the State had knowledge or should have known of any dangerous condition. There had been no prior accidents involving wheelchair students even though the grill had been there for a number of years at the Women's Gymnasium. Even if the grill could be considered dangerous to wheelchair students that alone does not constitute negligence on the part of the Respondent. As was said in *Palmer v. State, 25 Ill.Ct.Cl. 1, 2 (1964)*:

"The mere fact that a defective condition existed, if, in fact it did exist, is

not in and by itself sufficient to constitute an act of negligence on the part of the Respondent."

The Claimant has not established by any evidence that the University knew or should have known of the allegedly defective grill. Therefore, there is no proof that the Respondent was negligent.

The evidence also shows that the Claimant was contributorily negligent. While she was handicapped, that fact does not relieve her of the duty to exercise ordinary care for her own safety. A disabled or handicapped person, whether blind, deaf, aged or lame, will be held to exercise that degree of care which an ordinarily prudent person with the same condition would have exercised under similar circumstances. See, *Restatement(2d), Torts, §283C (1965)*.

The Claimant had crossed the very same area on her entry to the Women's Gymnasium. She acknowledged she should exercise caution in taking her wheelchair over any drainage grill in the sidewalk. The Claimant "looked at" the grill upon her entry into the building. She had no trouble in getting across it at that time. There is no evidence that the Claimant exercised ordinary care upon leaving the gymnasium. The Claimant knew of the existence and location of the grill. She offered no testimony to establish by a preponderance of the evidence that she acted with due care for her own safety as she left the building. While it is unfortunate that the Claimant was injured, she did not prove that she was free of contributory negligence.

There is no dispute that the Claimant was injured but she failed to prove that the Respondent was negligent and that any negligence proximately caused her injury. Therefore, her claim must be denied.

The claim of Alix Sewell is denied.