(No. 81-CC-2068—

COREY MICHAEL NOONEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 24, 1983.*

BRUCE R. BECKER, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause alleges that on May 26, 1980, which was Memorial Day, he was at the Jubilee College State Park in Peoria County, Illinois. He and his girl friend were walking on a public pathway in the park when they came upon a large Malamute dog he had never seen before. He reached down to pet the dog and was bitten on the face. The dog was evidently chained to a tree although there is some conflict in the evidence as to this point.

The issues are as follows: (1) the negligence of the Claimant; (2) the notice of the State; (3) exhaustion of remedies; (4) the credibility of the Claimant; (5) the application of the Recreational Use of Land and Water Areas Act (Ill. Rev. Stat. 1983, ch. 70, pars. 31-37); and (6) admissibility of departmental reports under Rule 14 of this Court.

The evidence shows that Claimant was in the park playing ball with other individuals. The evidence is uncontradicted that there was a large crowd in the park on the day in question.

Claimant alleges that the dog was chained to a tree within sight of the park ranger station and that the chain was approximately 15 feet long. There was never any actual measurement of the chain in question. It is Claimant's position that the State was negligent in allowing the dog to be in the park on such a long leash. The evidence is also uncontradicted that the dog was in the park on a leash longer than allowed by park regulations.

Claimant was bitten on the mouth, on the lower left side of his face, and required medical care and treatment for some period of time. At the time of the hearing in this matter, Claimant was still experiencing numbness in his lips which caused him to drool. He testified he could no longer whistle and he could not engage in the act of kissing without difficulty. Claimant, who had been working at a restaurant prior to this incident, had to have a change of duty because the restaurant owner did not want to have him in the portion of the restaurant where food was being served because of the condition of his face. Claimant testified that during the period of time he was under the doctor's care, he did not have his face covered by bandages because the doctor would not permit bandages to cover the scars and, consequently, he was embarrassed when in a crowd.

Claimant's attorney takes the position that the State was negligent in not properly patrolling the park and protecting the public from the dog.

The State takes the position that Claimant was negligent in stopping to pet the dog which he had never seen before and that there was no exhaustion of remedies by Claimant. The State also questions the credibility of Claimant in this cause. The State calls attention to the Recreational Use of Land and Water Areas (Ill. Rev. Stat. 1983, ch. 70, pars. 31-37), and to the departmental report

(Rule 14). The departmental report dealing with this incident states as follows:

"On 05-26-80 sometime between 2-4 p.m., Officer Baile received a complaint from a female subject in Jubilee Park. She told Baile a man had been bitten by a dog near the office. She refused to identify herself to Baile. Baile went to the location and talked to three persons. One witness stated the incident had happened a half hour ago. One witness stated the dog was tied up and the man jumped at the dog, and got bit in the face. Another witness stated the dog was loose and attacked the man. Another witness stated the dog was tied up but broke the leash when the man jumped at it. All of the persons stated the man that got bit was intoxicated. Officer Baile also noticed that all three witnesses were highly intoxicated. None of the witnesses would identify themselves to Baile, but one did give Baile a license number. That number was registered to a 90 year old female from Bloomington, Ill. The witnesses had stated the person who owned the dog left in that vehicle and was a young man. Officer Baile does not remember the license number, but does remember that the description of the car did not match the registration information. Also, Baile was told that the man bitten had been taken to the hospital by a friend. Baile then contacted Rabies Control Officer James Fox, and advised him of all the information. He stated he would follow up on the case. Baile did not hear from Fox until 01-05-81. He told Baile he was unable to ever contact the person who was bitten. He said he left messages at his home and work but he never returned calls."

The report was introduced into evidence over the objections of Claimant's attorney, although under Rule 14 of this Court "all departmental reports made by any officer thereof relating to any matter or case pending before the Court shall be *prima facie* evidence of the facts set forth therein. . ."

The State also raises the question as to whether or not Respondent had either actual or constructive notice of the dog being in the park. This is an essential element in this case. The record is completely silent as to the length of time the animal in question had been in the park and it is also silent as to whether Respondent knew, or should have known, that the dog was in the park. As stated above, this was a holiday and the park had a large crowd in this area.

There is also a complete lack of evidence as to whether there was anyone in the ranger station on the

day in question or, if there was, whether they were in a position to see the dog in the park.

In *Wightman v. State* (1978), 32 Ill. Ct. Cl. 546, the Court laid down the rule as to what Claimant must prove before he can recover. The Court stated that visitors to State parks are invitees to whom the State owes a duty of reasonable care in maintaining the premises and that Respondent may be charged with constructive notice of a dangerous condition when, from all the circumstances in a case, it is determined that Respondent should have been aware of the existence of the condition in the exercise of reasonable care. See also *Dumermuth v. State* (1966), 25 Ill. Ct. Cl. 353, 356; *Kamin v. State* (1953), 21 Ill. Ct. Cl. 467.

To recover on a claim, Claimant bears the burden of establishing by a preponderance of the evidence that Respondent breached its duty of reasonable care.

In summation, we have the following facts. A dog was chained to a tree in Jubilee College State Park on Memorial Day. Claimant was injured when he stooped to pet the dog with whom he was totally unacquainted. There is no evidence of any kind or character to show that Respondent knew the dog was in the park, nor is there any evidence to show how long the dog had been there. As to whether the dog was vicious, the fact is that Claimant was the only one who was injured by the dog.

The departmental report states that a park ranger interviewed three eyewitnesses, all of whom were intoxicated, who told three different stories—one stated the dog was tied up and the man jumped at the dog and got bit in the face, the second witness stated the dog was loose and attacked Claimant, and the third said the dog was tied up but broke the leash when Claimant jumped

at it. All three witnesses stated Claimant was intoxicated and refused to identify themselves so they could be called as witnesses.

Respondent raises the question as to whether or not Claimant exhausted his remedies as required by the rules of this Court. The transcript of the record shows that on cross-examination Claimant was asked if he had filed suit against the owner of the dog, and he replied, "It wouldn't have done us any good." In response to a further question, he answered that he had never filed suit against the owner although he did know the owner's name. To casually brush away the rule that there has to be an exhaustion of remedies before recovery in the Court of Claims by stating "it wouldn't have done us any good" to file suit against the dog's owner, appears to the Court to be an outright elimination of this rule. This rule, in the opinion of this Court, requires much more direct evidence to show that such testimony does not satisfy the rule requiring an exhaustion of remedies.

It is the Court's opinion that the proximate cause of this unfortunate incident was the act of Claimant himself when he reached down to pet a dog that was completely strange to him. It is an interesting fact to note that the testimony shows the park was crowded and yet the only incidence of misbehavior from the dog came when Claimant bent down to pet it. None of the other visitors to the park that day were in any way attacked by the dog and this is strong evidence that Claimant was doing something the rest of the visitors to the park did not do.

It is the Court's opinion that Respondent was free from negligence of any kind or character. Claimant has failed to show that Respondent did not give him the same degree of protection that the general public was given.

It is abundantly clear that without any showing of either actual or constructive knowledge by Respondent, that to find Respondent guilty would result in making Respondent an insurer of the safety of all persons who use the park. This Court has repeatedly held that it is not an insurer but only owes a duty of reasonable care.

Award denied. Case dismissed.