(No. 82-CC-1876-

LEONA PETERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 4, 1984.*

ONESTO, GIGLIO & ASSOCIATES, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

MONTANA, J.

This is a claim of Leona Peters against the Respondent, the State of Illinois, for personal injuries sustained when Ms. Peters fell in the offices of the Unemployment Compensation Board in Chicago, Illinois, on August 7, 1981. Ms. Peters was at the Unemployment Compensation Board to conduct some business at the Board's office.

The testimony showed that Ms. Peters, 57 years old, had been at the offices of the Unemployment Compensation Board a number of times before August 7, 1981. Claimant was wearing flat-soled shoes and carrying a small purse. She had been at the Unemployment Compensation Board for approximately three hours and was exiting through the front, public entrance when she was injured.

As Claimant exited, she placed her left foot upon a heavy duty rubber mat which Respondent had caused to be placed in their offices, directly in front of the first set

of two double action metal and plate glass doors leading to the outside. After Claimant placed her left foot on the mat, she felt the toe of the right foot catch an edge of the mat as she was lifting her right foot off the floor. As a result, Ms. Peters fell forward against the right side of the first double set of doors which was locked. She struck the door and fell back onto the mat. Ms. Peters sustained a fracture of the left shoulder as a result of her fall, and was hospitalized for approximately one week.

Testimony revealed that the rubber mat upon which Claimant tripped was constructed of rubber fastened together with metal wire. The mat was approximately one-half inch in height and four feet by 11 feet in length. As a result of its construction, the mat did not lay uniformly flat on the floor, but was raised in certain spots, particularly around the right front edge. Ms. Peters testified that after she fell, she was sitting upon the mat and observed that one section of the mat was turned upward towards the door and that metal wires were protruding from it. Ms. Peters introduced several photographs of the mat into evidence, which had been taken by investigators for the State. Mr. William Simmons, office manager of the Bureau of Employment Security, confirmed that these photographs truly and accurately depicted the condition of the mat on the day of the incident.

One who occupies or is in charge of property, such as the State in this case, is bound to use reasonable or ordinary care and prudence to keep the property reasonably safe for the benefit of those who come upon it as invitees. (*Joyner v. State* (1955), 22 Ill. Ct. Cl. 213; *Duble v. State* (1967), 26 Ill. Ct. Cl. 89.) In this case, Leona Peters was an invitee as she came upon the premises of the Unemployment Compensation Board in connection

with its activities. (*Hiller v. Harsh* (1981), 100 Ill. App. 3d 332, 426 N.E.2d 960.) There was no evidence adduced by either party showing that the other party had notice that the mat was in an unreasonably dangerous condition.

This Court finds, however, that the State is liable in this case because it could have and should have discovered the condition of the mat through the exercise of ordinary care. (*Maytnier v. Rush* (1967), 80 Ill. App. 2d 336, 225 N.E.2d 83.) As the occupier of the premises, the State is expected to have superior knowledge of the premises' condition, and is held to a higher standard of knowledge, both presumed and actual, of defects in the premises, than is Ms. Peters, an invitee. Hence, the State here had a duty to remedy or warn of the defective condition of the mat, notwithstanding the fact that it had no actual notice of its condition, because in fact in the exercise of reasonable care it should have known of the mat's condition. *Beccue v. Rockford Park District* (1968), 94 Ill. App. 2d 179, 236 N.E.2d 105.

This Court also finds that Claimant was not contributorily negligent. The evidence showed that Ms. Peters was reasonably dressed on the day of the incident, and was wearing flat-soled shoes. She was not leaving the premises in a hasty manner but was walking normally as she left. An invitee may assume that others have done their duty to give proper warning of hidden dangers, and apart from obvious dangers, can assume the premises are reasonably safe. (*Allgauer v. LeBastille, Inc.* (1981), 101 Ill. App. 3d 978, 428 N.E.2d 1146.) Put another way, where a person has no reason to suspect danger, he is not required to look for it. *Prater v. Veach* (1962), 35 Ill. App. 61, 181 N.E.2d 739.

In the instant case, since a reasonable person of ordinary prudence would not have suspected that step-

ping upon and walking across a door mat would cause a fall because of its defective condition, this Court finds that Leona Peters was in the exercise of ordinary and reasonable care for her own safety as she exited the offices of the Unemployment Compensation Board in Chicago on August 7, 1981.

We now turn to the appropriate damages to award Claimant. As a result of the fall, Claimant received a fractured left shoulder. It appears from the record that Claimant expended $1,312.31 for unreimbursed medical bills with respect to this injury. The Claimant testified that as a result of the accident she was unable to work from the date of the occurrence through April 1982 and that she suffered continuing discomfort during all that period.

We believe an award of $1,312.31 for medical bills, $4,522.00 for lost earning ability and $4,200.00 for pain and suffering is a fair and just award in this case.

Claimant is hereby awarded the sum of ten thousand thirty-four dollars and thirty-one cents ($10,034.31).