(No. 83-CC-1271—

IMOGENE M. STEWART, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 7, 1985.*

JAMES A. TRANNEL, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

Claimant, Imogene M. Stewart, was injured on July 30, 1981, when her finger became lodged in an uncapped side rail at the top of a sliding board located in the Lake Le-Aqua-Na State Park. Claimant suffered a broken and lacerated index finger. Claimant asserts that by reason of the State employees' failure to cover or cap the exposed rail ends, or give notice to users of their dangerous condition, the Respondent, State of Illinois, breached its duty to exercise reasonable care in establishing or maintaining the sliding board in such a manner as to protect invitees. Claimant has established a 5% impairment of her use of the injured hand.

To compensate her for her injuries, Claimant seeks judgment of $18,002.70 (medical expenses of $502.70, pain and suffering of $2,500.00, permanent impairment of hand in the amount of $15,000.00).

As a prerequisite to a finding of negligence, a duty on the part of the Respondent must be established. Claimant has established that point.

"A governmental entity which extends an invitation to the public to make use of its facilities for educational or recreational purposes owes a duty of reasonable and ordinary care against known or foreseeable danger. *O'Brien v. Colonial Village, Inc.*, 255 N.E.2d 265, 119 Ill. App. 2d 105 (1971)." Claimant's Brief, page 2.

Having established Respondent's duty, Claimant must next demonstrate that Respondent breached that duty. Claimant has successfully met this requirement. The testimony given by Jeffrey Lynn Hensal, the park ranger, shows that although frequent inspections were made of the premises, the hazardous condition was not recognized as such. Claimant's Exhibit #3, which shows the uncapped openings at the top of the slide, indicates that the defect was open to discovery upon a casual inspection. That Claimant's injury resulted from this

breach was obvious. Had the opening been covered, Claimant's finger would not have become lodged inside. The product was without adequate safety features, and was inherently unsafe. The openings are obviously a hazard and should have been discovered and corrected by the State. The Respondent did not meet its duty to recognize the openings as hazards.

Claimant incurred $502.70 in medical expenses. Her husband's insurance coverage has paid $351.45. The balance owing is $151.25. She also seeks $2,500.00 compensation for her pain and suffering.

Claimant seeks $15,000.00 to compensate for the 5% impairment of her hand. We view that portion of the claim as excessive. In determining the amount of compensation due to Claimant, the guidelines set forth in the Illinois Workers' Compensation Act are illuminating. Under these guidelines, the total loss of use of a hand is compensated by an award equal to 190 weeks wages. Since the Claimant was unemployed at the time she incurred her injury, the minimum allowed under the statute, $117.40, will be considered. Thus, the award for the complete loss or impairment of Claimant's hand would be $22,306.00. However, as Claimant has suffered only a 5% impairment, that percentage should be applied to determine the amount she may recover. Therefore, under this method, Claimant would be awarded $1,115.30.

It is therefore ordered that Claimant be awarded $151.25 for her out-of-pocket medical expenses, $2,500.00 for her pain and suffering, and $1,115.30 to compensate her for the impairment of her finger for a total recovery of $3,766.55, in full satisfaction of this claim.