(No. 84-CC-0684—

GRACE A. SAMUELSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1986.*

ENSEL, JONES, BLANCHARD & LABARRE (ROBERT T. HALL, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

The Claimant filed her complaint in the Court of Claims on September 26, 1983. She alleges she was injured and that on October 15, 1982, the State of Illinois was negligent in that the State: (a) failed to properly construct the sidewalk surrounding Lincoln's Tomb; (b) failed to properly maintain and repair the sidewalk surrounding Lincoln's Tomb; (c) failed to warn visitors of the dangerous condition of said sidewalk; and (d) failed to keep visitors away from said sidewalk when it knew the sidewalk was in a dangerous state of disrepair.

By agreement of the parties, through their attorneys, the case is to be decided solely on the following evidence: the deposition of Grace A. Samuelson, the Claimant, the deposition of David Boyle and eight pictures of the sidewalk in issue. This evidence makes up the sole evidence in the case.

Claimant has filed a brief, as has Respondent. No reply brief was filed. By letter of March 29, 1985, Claimant, through her attorney, waived any claim to damages as to a stroke allegedly suffered by Claimant.

## The Facts

The Claimant testified that she was born on January 18, 1918. On October 15, 1982, she was in Springfield, Illinois, and on the spur of the moment she and her husband went to visit Lincoln's Tomb. They were just passing through on their way to Wisconsin. The visit was in the early afternoon and it was a warm, sunny day. The lighting conditions were good. In order not to get caught up in a tour group, they went around the tomb rather fast or very fast. They were in the tomb and going to the other tomb when the accident happened. They came out of the one tomb and started around the corner. She looked ahead to see the building. She was talking to her husband and telling him about Mary Lincoln. She noted a big crack down the side of the building. She then caught her toe in a crack and lunged forward. She yelled for help but her husband was not able to catch her and she fell to the ground. Her face was bleeding and she had to have four stitches in her eyebrow. She was taken to the emergency room. She broke her ribs on a camera she was carrying. She further testified that she did not see the crack where she fell. She also testified that it was not a crack but an elevation. She did not know how deep

it was. She caught the toe of her shoe in the broken granite, not concrete or asphalt. The area where she fell was clear and there were no leaves or anything on it. She was wearing a low heeled walking shoe with composite soles. She believes the area of pavement where she fell was as old as the tomb. She was looking at her husband while she was talking at the time she fell.

The camera she was carrying had been given to Claimant and was worth $200.00. The camera had not been repaired. Her damages included broken glasses, a cut on her head, a bump on her nose, a broken nose or deviated septum, a shoulder injury, an injury to her hands like a sprain, broken ribs and a skinned knee. The lenses for her glasses cost $70.00.

The Claimant had Medicare and it paid for most of her medical bills. Her nose still bothered her but everything else seemed to be cured. When she visited her daughter, she sat alone in a room because she looked so bad.

David Boyle testified that he was a maintenance worker for the State of Illinois, Department of Conservation, and had been for over 15 years. In 1982, he worked at Lincoln's Tomb and had done so for over 15 years. He was the only maintenance worker at Lincoln's Tomb. His immediate supervisor is Carole Andrews. He seldom recommends anything and usually just does what he is told to do. He does advise his supervisor when he needs some supplies and has in the past pointed out some necessary repairs.

He did not actually see the Claimant fall. He was probably eating lunch. He was told that Claimant fell on the northwest corner of the tomb. He knows the spot and guesses she just tripped. He patched the sidewalk.

He does not know how she tripped or if she was hurt. He saw no blood or other evidence of someone being hurt on that sidewalk. After the accident, he took some grout mix and filled it in where the sidewalk was. He had to pick up the grout mix because none was stored. It took him about an hour to fix using the sand mix.

He did not remember the unevenness between the slabs prior to October 15, 1982, as a hazard. His attention had not been drawn to it until after the accident. He believes the unevenness was higher towards the tomb. There was not much space between the unevenness of the slabs and there may have been an expansion joint at that point. They had had some problems on the sidewalk of blacktop falling through and they had patched it. Other than this incident, though, this sidewalk had never had to be fixed.

When the pictures were taken he had to chop out the patch so they could take pictures and then repatch it. Prior to patching the sidewalk, he did not put up a barricade. He never received or heard of any complaints about this particular sidewalk or any cracks in it prior to this accident. He did not consider the crack where Claimant fell as dangerous, but it was possible for someone to trip there.

The pictures show an unevenness of less than an inch where a shoe could hit on the end. The pictures are of poor quality but there is no evidence that this crack exceeded one inch and does look less than one inch.

The Law

In *Wrightman v. State* (1978), 32 Ill. Ct. Cl. 546, this Court held that a visitor to Lincoln's Tomb is an invitee to whom the State owes a duty of reasonable care in maintaining the premises. The State is not an insurer of

the safety of persons who visit its parks and recreation areas. To recover, Claimant bears the burden of establishing by a preponderance of the evidence that Respondent breached its duty of reasonable care and that the negligence of Respondent proximately caused her injury. If these two elements are established the comparative negligence of the Claimant must be considered.

To show negligence, the Claimant must show that the State was negligent in its maintenance of the sidewalk in that it had actual or constructive notice of a dangerous condition. *Noonen v. State* (1983), 36 Ill. Ct. Cl. 200; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.

This present cause is very similar to the *Nolan* case. Contrary to the arguments of Claimant in her brief, the State had no actual notice of the alleged defect in the sidewalk. Carole Andrews did not testify and the only reference to her was something about a possible grant to make all the sidewalks of the same material. There was no proof as to when the grant was proposed and whether it was before or after the accident to Claimant.

As to constructive notice, Mr. Boyle testified he did not consider the sidewalk a hazard and he had not received or heard of any complaints or other accidents on this sidewalk. This sidewalk had been in existence for many years.

Claimant has failed to show a dangerous condition of which the State had knowledge or should have had knowledge. The elevation is very slight, the area was well lit, the sidewalk was clear and there had been no prior accidents. *Sewell v. Board of Trustees of Southern Illinois University* (1979), 32 Ill. Ct. Cl. 430.

All cases of this nature are decided on their

particular facts. *Peters v. State* (1984), 36 Ill. Ct. Cl. 255, is thus distinguishable. We find that the approximate one-inch variation where no complaints had ever been made is an example of a variation so slight that it would not be actionable as a matter of law. (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100.) The lighting was good, the crack was not covered by any leaves or snow and the area was clear. The Claimant was walking very fast to stay ahead of a tour group. Therefore, it cannot be said that she was free from negligence. All of the cases cited by Claimant are cases dealing with cracks where some evidence indicates the crack to be about two inches in depth. It is our opinion that Claimant was the sole negligent party in this accident. Moreover, damages in the Court of Claims must be reduced by the amount paid by insurers unless they are a party to the action. The only evidence before the Court is that most of Claimant's bills have been paid by Medicare.

While this was a very unfortunate incident and we are not unsympathetic toward the Claimant, based on the evidence we are constrained to, and hereby do, deny this claim.