(No. 86-CC-3122–

DeWayne Moore, Claimant, *v.* The State of Illinois, Respondent.

*Order on motion for summary judgment and motion to dismiss filed April 1, 1987.*

*Order on stipulation filed August 27, 1987.*

DeWayne Moore, *pro se*, for Claimant.

Neil F. Hartigan, Attorney General (Suzanne Schmitz, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTIONS

MONTANA, C.J.

This cause comes on to be heard on the Claimant's amended motion for summary judgment, Respondent's motion to dismiss, and the Claimant's response thereto, due notice having been given, and the Court being advised;

The Claimant, an inmate at a State penal institution brought this claim seeking compensation for certain property which was allegedly taken from him by agents of the Respondent and not returned to him. The Respondent moved to have the claim put on general continuance while the Claimant exhausted his administrative remedies as required by the Court of Claims Act and its rules. Even though Claimant clearly stated in his complaint that he had not pursued that avenue of relief, he immediately objected to the motion for general continuance stating that he had in fact filed a grievance. His grievance was acted upon at the first level two weeks before he filed his objection. The Commissioner did not rule on the motion.

Five months later Claimant filed a motion for summary judgment which was totally without merit and denied. Six weeks after that motion he filed an amended motion for summary judgment. While it is not clear, it appears that Claimant based his amended motion on the results of his efforts to exhaust his administrative remedies. The Administrative Review Board of the Department of Corrections found in Claimant's favor,

but Claimant was dissatisfied with the amount of compensation he received. In his amended motion he argues that because the Department of Corrections found in his favor there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

The Respondent then moved to dismiss arguing that the same facts and issues in the case at bar were heard by the Administrative Review Board which rendered a decision and the Court of Claims is not an appeals court for the Administrative Review Board.

Were we to grant the Respondent's motion we would in effect be setting precedent for the proposition that prisoner property claims could never be pursued in the Court of Claims again. All inmates bringing such claims must pursue their administrative remedies. In every case a decision is rendered at the administrative level. According to Respondent's reasoning we would have to dismiss each claim after the administrative remedies were exhausted.

We think that Respondent's motion to dismiss would be more properly entitled an objection to the Claimant's motion for summary judgment. Respondent is correct that this Court is not an appeals body for review of the Department of Corrections' administrative decisions. Proceedings in the Court of Claims on this type of claim are *de novo* in nature. It is for that reason that Claimant's amended motion for summary judgment must also be denied. Any finding of culpability on the part of the Department of Corrections by its Administrative Review Board is only relevant to a case here if compensation has been paid and then only to the extent that these damages will be used as a setoff to reduce an award from this Court if this Court decides to grant one.

For the reasons stated above, both the Claimant's amended motion for summary judgment and the Respondent's motion to dismiss are hereby denied.

## ORDER ON STIPULATION

POCH, J.

This claim comes before the Court on a joint stipulation of the parties, which states as follows:

Claimant filed two claims concerning property allegedly lost on April 20, 1986, when Claimant was transferred from North segregation to the health unit and on July 29, 1986, when he was transferred from West cell house to North segregation unit.

The Respondent does not admit liability, and the Claimant does not admit any lack of merit in these cases. The parties agree that it is desirable and in the interests of peace and economy that they settle these cases.

Both parties agree that the amount of $100.00 represents a fair settlement amount.

No other evidence, oral or written, will be presented to the Court, and both parties waive briefs. Both parties agree that a granting of an award to the Claimant for $100.00 will constitute full and final and complete satisfaction of these claims herein or any other claims arising out of the same occurrence.

While the Court is not necessarily bound by a stipulation such as the one presented to it in this matter, it has no desire to interpose a controversy where none appears to exist. The stipulation submitted by the parties appears to have been entered into freely and fairly, and its contents appear to be reasonable. The Court, therefore, finds no reason not to accept this stipulation and follow its recommendation of an award of $100.00.

It is hereby ordered that the Claimant be awarded the amount of $100.00 in full and final satisfaction of these claims.