(No. 88-CC-1443-)

PAT FRANK DE LEO and NORMAN HAFRON, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 10, 1993.*
*Order filed September 24, 1993.*

HINSHAW & CULBERTSON (PAUL L. PAWLOWSKI, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (THOMAS L. CIECKO, Assistant Attorney General, of counsel), for Respondent.

## ORDER

FREDERICK, J.

The Claimants filed their complaint seeking thirty thousand dollars ($30,000) on November 12, 1987. The troubled history of this claim is set forth in the Court's order of February 26, 1993, denying Claimants' motion to reconsider the joint stipulation filed January 9, 1989.

The case is back before the Court on what is in effect the parties' third attempt to satisfy the inquiries of the Court as to why this Court should approve the parties' stipulation awarding damages to Claimants.

This Court, from the beginning, has wanted to know just how the State was liable and we have used our authority that stipulations are not necessarily binding on this Court to deny the parties' stipulation to date. *Moore v. State* (1987), 40 Ill. Ct. Cl. 212.

From the pleadings, we can determine that Beatrice Steward was a business invitee. The State's duty to a business invitee is that the State owes such visitors the duty to use reasonable care in keeping the premises reasonably safe and this duty includes the duty to use reasonable care to discover any defects or dangerous conditions existing on the premises. The invitee need not prove the State had

actual knowledge of the dangerous condition which caused the invitee's injury, but the invitee must prove that the State, by using reasonable care, could have discovered the condition. *Long v. State* (1987), 40 Ill. Ct. Cl. 39.

The State, however, is not an insurer against accidents occurring to invitees on State property. (*Schrup v. State* (1990), 42 Ill. Ct. Cl. 257.) Invitees on State property assume the normal, obvious and ordinary risks attendant on the use of the premises. (*Thornburg v. State* (1986), 39 Ill. Ct. Cl. 139.) To show negligence, a claimant must prove the State was negligent in its maintenance of the premises in that it had actual or constructive notice of a dangerous condition. (*Samuelson v. State* (1986), 38 Ill. Ct. Cl. 257.) The duty of the State, therefore, may be different than that of the non-State property owner.

With this background, we must carefully review the stipulation and pleadings of the parties to determine if we should approve in whole or in part the stipulation of the parties. (*A & H Plumbing & Heating v. State* (1990), 42 Ill. Ct. Cl. 195.) Close scrutiny of the latest stipulation and prior pleadings fails to show that the parties have agreed or that there is proof that the State was negligent and that it had actual or constructive notice of a dangerous condition that caused the injuries of Beatrice Steward. There is also no agreement or proof as to whether and how the State's negligence, if any, exceeded that of Claimants. We invite Claimants and Respondent to file an amended stipulation spelling out in detail the answers to our two remaining inquiries. In the event the amended stipulation answers those questions to the Court's satisfaction, we will look favorably on entering an award as we do not seek to stop the parties from settling. However, we do have an obligation and a duty to review stipulations and any order of payment where the State is negligent.

For the foregoing reasons, the joint stipulation of the parties filed March 23, 1993, is not approved and the cause is remanded to the Commissioner assigned to the case for further proceedings.

## ORDER

FREDERICK, J.

This cause coming on the amended joint stipulation of the parties and the Court being fully advised in the premises:

Wherefore, the Court finds:

(A) That the amended joint stipulation filed July 27, 1993 adequately responds to the Court's concerns regarding liability.

(B) That while the Court is not bound by stipulations we do not seek to inject controversy where none exists.

(C) That the amended joint stipulation filed July 27, 1993 by the parties is adopted by the Court as the findings of the Court.

Therefore, it is ordered:

(1) That Claimants are entitled to contribution.

(2) That Claimants are awarded thirty two thousand four hundred dollars ($32,400).

(3) That the draft shall be made payable to Beatrice Steward, Pat Frank De Leo and Norman Hafron.

(4) That concurrent with the delivery of the draft the Claimants shall provide the Respondent with a full and final release signed by Beatrice Steward and both Claimants, their heirs and assigns, releasing the State from any further liability from the occurrence stated in

the complaint and amended joint stipulation and which waives, releases and relinquishes any other claims against the State by Claimants and Beatrice Steward arising out of and in connection with the incident complained of.

(5) That the entire amount of the proceeds awarded herein shall be paid by Claimants to Beatrice Steward.