324

(No. 90-CC-0194–■■■■)

STEPHEN STEWART, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 5, 1995.*

BERNARD DAVIS, for Claimant.

JIM RYAN, Attorney General (FRANK LYONS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

Hearing was held on this cause sounding in tort, on February 7, 1995, at Chicago, Illinois, before Commissioner Michael Kane.

On October 6, 1987, the Claimant, Stephen Stewart, entered the Department of Public Aid office at 8001 South Cottage Grove, Chicago, Illinois. Mr. Stewart had been in that office on numerous occasions in the past, and on this day he was there to seek a State card for medical treatment. There were rows of chairs located in the waiting area and he selected a chair in which to place his body. As he did so, the chair moved out from underneath him, causing him to fall to the ground and injure his back and legs. Mr. Stewart seeks compensation for those injuries in

this claim, maintaining that it was the negligence of the State which was the proximate cause of those injuries.

The floor in the location where this incident took place was made of tile. The chair in question was a metal chair of some sort which was similar to all the other chairs in the seating area. Mr. Stewart described his attempts to sit down as simply turning around and trying to sit down, feeling the chair slide out from underneath him as he sat on the edge and then falling to the ground. He presented no evidence to indicate that there was anything wrong with the chair or that there was anything wrong with the floor other than his description that it was slippery. Claimant did not testify to any defect in the condition of the floor which made it slippery. He simply presumed it was slippery as the chair had slid away from him as he attempted to seat himself. Claimant was helped to a seat after the fall by another client at the office whom he knew casually and Vanessa Lovett, a security guard at the office who witnessed his fall.

Claimant testified that he saw no defects in the chair prior to or after his fall.

Vanessa Lovett testified on behalf of Respondent. She stated that Claimant was talking to a person a few seats away as he began to sit down. Ms. Lovett's testimony was consistent with Claimant's as to the fact that the chair and floor appeared in no way defective.

In order to recover an award, Claimant must prove that the Respondent was negligent in its maintenance of the premises and that it had actual or constructive notice of a dangerous condition. While the State owes a duty of reasonable care in maintaining its premises, it is not an insurer of the safety of persons entering said premises. (*Noonan v. State* (1983), 36 Ill. Ct. Cl. 200.) Claimant has

provided no evidence of defect or notice of defects at the premises. Claimant has failed to prove these propositions by a preponderance of the evidence.

This claim is hereby denied.