(No. 74-816—

HAZEL HAMBY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1976.*

MILLER and POMPER, by EDWARD SCHATZ, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD GROSSMAN, Assistant Attorney General, for Respondent.

PERLIN, C. J.

This is an action to recover for personal injury sustained by Claimant on June 12, 1972, when she fell on a wet floor in the Secretary of State facility at 570 West 209th Street, Chicago Heights, Illinois.

Claimant was the sole witness to testify in these proceedings. She stated that it had been raining heavily "on and off" on the day of the incident. At about 11:30 a.m., she walked into the Secretary of State office in Chicago Heights carrying a one year old child in her arms. She said that as she entered the building her feet slid out from under her and she fell to the floor. She testified that she examined the floor and that it was "really wet" just inside the door.

Claimant said that she injured her back and the lower part of her left leg in the fall. She was immediately taken to St. James Hospital for emergency treatment for which she was charged $69. Thereafter, she saw her family doctor three times for treatment of her injuries for which she was billed a total of $40. Claimant had no other out-of-pocket expenses as a result of the incident, and at the time of the hearing herein was suffering no ill effects from her fall.

It is axiomatic that the State is not an insurer of the safety of all who enter upon a premises maintained by the State. However, the State does owe a duty to members of the public to use reasonable care in maintaining its premises in a reasonably safe condition. See *Kamin v. State,* 21 Ill.Ct.Cl. 467; *Divis, et al. v. State,* 27 Ill.Ct.Cl. 135. Claimant therefore bears the burden of proving by a preponderance of the evidence that the State did not use reasonable care in maintaining the Secretary of State facility in Chicago Heights; that she was free of contributory negligence; and that the negligence of the State was a proximate cause of her injury.

The State argues that Claimant's testimony as to the condition of the floor was uncorroborated. However, the State fails to explain why it made no effort to refute Claimant's testimony by calling an employee of the Secretary of State's office who could testify as to the facts of the occurence. The testimony is unrefuted that the rain was heavy, although intermittent, on the day of the incident. It appears that the State had sufficient notice of the raining condition and should have made some effort to keep the floor of the facility dry. In failing to do so, we think that the State failed to use that degree of care reasonable under the circumstances, and that the State's negligence was a proximate cause of the Claimant's injury.

Claimant testified that she walked into the Secretary of State's office in a normal manner and slipped as she crossed the threshold. Claimant appears to have been acting with reasonable caution for her own safety, and we find that she has established her freedom from contributory negligence.

Claimant's total medical bills arising from this incident were $109. She did not have any ill effects from the accident at the time of the hearing herein.

Claimant is hereby awarded the sum of Three Hundred Twenty-Five Dollars ($325.00).