(No. 74-490—

Rose Pavlik, Claimant, *vs*. State of Illinois, Respondent.

*Opinion filed November 8, 1976.*

Wayne E. Peters, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM KARAGANIS, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, Rose Pavlik, seeks recovery in the amount of $17,112.00.

On October 4, 1973, Claimant, a meter maid employed by the City of Chicago, sustained an injury at 2653 West Madison Avenue, Chicago, Illinois, at a place commonly known as "The Madison Street Armory."

Claimant was employed as a meter maid for the Bureau of Parking, City of Chicago. She had been assigned to take training at the premises when the accident occurred. On the day in question, the Claimant, accompanied by two other meter maids, had entered the door of the armory, walked across a mat approximately 10 feet long, and then stepped onto the terrazzo tile floor where she fell.

The evidence shows that on the day in question there was a drizzly rain falling and that it had been raining for some time.

After Claimant stepped off the mat and onto the terrazzo floor, she fell and dislocated her right shoulder. Claimant testified that the floor was highly polished and very slippery.

Claimant further testified that she was off work for two months and then left her job.

Claimant's special damages are as follows:

| | |
|---|---:|
| Northwest Memorial Hospital | $114.80 |
| Dr. James Milgram | 40.00 |
| Dr. Leonard Smith | 105.00 |
| Southwest Radiological Laboratory | 26.00 |
| Dr. John Walker | 39.00 |
| Herron Medical Center | 159.00 |
| Holy Cross Hospital | 52.00 |
| Total Special Damages | $535.80 |

Claimant testified that she received $105.00 per week in Workmen's Compensation and a further lump sum settlement of $3,000.00 for a 15% loss of use of her arm. Her medical bills and the above payments were paid by the United States Fidelity & Guaranty Company, the compensation carrier, who claims a subrogation lien for the payments made on Claimant's Workmen's Compensation claim.

The two companions who accompanied Claimant testified that the floor was highly polished and slippery and, in fact, one of them slipped but did not fall. This occurred when she stepped off the rubber mat and onto the terrazzo floor.

The custodian of the armory in question was called as a witness for the Respondent. He stated that on the day and time in question he was called to assist Claimant while she was on the floor. He testified that the terrazzo floor is kept waxed twice a year and buffed about every day, but he did not recall when the floor was waxed prior to Claimant's fall. He further testified that the floor was highly polished. He also stated that there were no previous falls or injuries on said floor.

Before the Claimant can recover she must show that she was free from contributory negligence, and that negligence on the part of the State was the proximate cause of the injuries.

This Court, in the case of *Ida Rosenthal vs. The Board of Trustees of the University of Illinois,* 29 Ill.Ct.Cl. 251, passed upon a similar situation. In citing the case of *Dixon vs. Hart,* 344 Ill.App. 132, 101 N.E.2d 282 at 284, the Court said:

> We have concluded for an examination of the law in Illinois as well as in other jurisdictions that as a general proposition the mere treating of a floor with a substance that gives it a polished surface is not negligence per se . . . The cases establish that some positive act of negligence must be shown before recovery can be had, such as: that an excessive quantity of polish must be used, that it was applied unevenly, that the floor had been freshly polished, and no warning given, that one section of the floor was waxed or oiled while the remainder was untreated, or that a floor was polished where people would step on it unexpectedly. . . .

There is no evidence that Claimant was guilty of contributory negligence. She was walking in an area close to the entrance which was constantly used for foot traffic, and she apparently did nothing to contribute towards the accident.

The State had knowledge that this was a highly polished floor. It should have had knowledge that it was raining on the day in question, and that wetness on the floor could cause it to become hazardous to users of the entranceway.

Claimant has already been reimbursed for her medical expenses, and she received the sum of $105.00 per week in Workmen's Compensation. She also received a lump sum settlement for a 15% loss of use of her arm. The United States Fidelity & Guaranty Company, the compensation carrier who made the above payments, is entitled to its subrogation lien for all payments made on behalf of Claimant.

It appears to the Court that the Respondent was guilty of negligence in allowing the terrazzo floor to be in a slippery and wet condition, and this negligence directly caused Claimant's injury.

Claimant is hereby awarded the sum of Five Thousand Dollars ($5,000.00), which amount shall be subject to the subrogation rights of the United States Fidelity & Guaranty Company.