(No. 75-CC-1124-)

ROSEMARY PONDS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 6, 1979.*

*(Rehearing denied April 6, 1980)*

SCHEFFRES & SCHEFFRES; ZAIDENBERG, HOFFMAN & SCHOENFELD, for Claimant.

WILLIAM J. SCOTT, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim brought by Rosemary Ponds, Claimant, to recover for personal injuries.

On March 29, 1974, Claimant, 32 years of age, fell in the premises of the Illinois State Unemployment Office in Rockford, Illinois, injuring herself.

The morning of the occurrence was one of drizzly rain. Claimant had been laid off by the Quaker Oats Company in Rockford, Illinois, and was going to the unemployment office to register for unemployment compensation.

She entered the office at approximately 9:30 a.m., entering the vestibule to the office through a self-activating door, and then pushed open a second door to enter the office itself. As she walked in, she slipped and fell and came down on her buttocks with one leg partially under her.

An eye-witness, Johnny Young, described the event as follows:

"Right as she took her hand off the door, you know just to take another step, she slipped and fell down right there in the middle of the door right as you come in."

After she fell, but not before, she noticed that the floor was wet, made of tile, and that there was no mat or carpeting at the point where she fell. She suffered a severe pain shooting through her buttocks and up her spine and she needed help to get up as she was unable to get up by herself.

Witness Johnny Young testified as follows:

"Well, I think it was raining, snowing a little bit, too, maybe. It was wet. The condition of the floor at the place where she slipped and fell was that there was little puddles of water in the door section. You couldn't miss it. I stepped over it when I came in. I didn't want to step in it. I put a shine on my shoes. I definitely didn't want to get them messed up, so I jumped right over them."

On cross-examination, he further testified:

"I saw no one attempt to mop up the floor. No, no one attempted that. Water was there. A lot of people was jumping over it, stepping around it if they could. I was noticing this."

At the time of the accident, no mats of any kind had been placed upon the area where Claimant fell but following the accident, three mats were placed upon the floor.

Claimant suffered a possible herniated disc with functional symptoms that continued for a long period of time. She was disabled from work for a considerable period.

The first point argued by Respondent in its brief is the following:

"Execution by Claimant of a covenant not to sue for $5,000.00 operated as a release of Respondent."

Paragraph 12 of Claimant's additional counts to complaint is as follows:

"12. That the plaintiff brought suit in the Circuit Court of Winnebago County on account of said injuries against Peter Graceffa and Ray C. Graceffa, Case No. 75-1937, and that to-wit the 18th day of September, 1975, this matter was settled on a covenant not to sue in the sum of $5,000.00."

The covenant document was not attached to the complaint, introduced into evidence at any hearing of this cause, or otherwise filed in the record. Respondent at no time requested that the document be produced. The issue of the covenant not to sue, an affirmative defense, has been raised for the first time by Respondent in its brief.

Respondent argues that the "covenant not to sue" was in fact a release. There is no way to consider this argument because the document is not in the record. There is no way to determine what its provisions might be or their possible effect as a release.

The principal issue before the Court is whether the Respondent was guilty of negligence. It is apparent from the evidence introduced at the hearing that the weather was bad, either raining or snowing, or both, that the floor was wet, and that the condition of the floor was visible. One witness testified to the fact that in order to save a new shoe shine, he had stepped over the water on the floor and avoided the area that caused the accident.

This Court has previously passed upon similar situa-

tions and laid down certain principals: *Duble v. State*, 26 Ill. Ct. Cl. 87 and *Lindberg v. State*, 22 Ill. Ct. Cl. 29. In the case of *Thriege v. State*, 24 Ill. Ct. Cl. 470, the Court laid down the rule that before a Claimant can recover, it must be proved (1) that Respondent was negligent, (2) that such negligence was the proximate cause of the injury, and (3) that Claimant was in the exercise of due care for her own safety. This rule is also followed in 30 Ill. Ct. Cl., 242.

It is apparent from the record that due to the conditions that existed because of the weather on the morning of the accident in question, the wet or slippery conditions could, or should, have been anticipated. The fact that other people using the same facilities saw and avoided the wet floor is indicative of the fact that Claimant could have, and should have, anticipated the accident as it took place by reason of Claimant not avoiding the area in question.

Claimaint having failed to furnish proof in this cause, this claim is hereby denied.