(No. 84-CC-1825—)

KELLY THORNBURG, Claimant, *v.* THE STATE OF ILLINOIS and BOARD OF REGENTS FOR NORTHERN ILLINOIS UNIVERSITY, Respondents.

*Opinion filed December 22, 1986.*

HEYL, ROYSTER, VOELKER & ALLEN (DANIEL R. SIMMONS, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (CLAIRE E. B. GIBSON, Assistant Attorney General, of counsel), for Respondents.

HOLDERMAN, J.

This claim involves a slip and fall case arising out of an incident which occurred in the Holmes Student Center at Northern Illinois University, DeKalb, Illinois, on January 22, 1983, when a student employed by the University fell and injured herself on a stairway in the entrance of the building which was wet because of heavy snow conditions on the exterior of the building premises.

The Commissioner's report, together with the parties' briefs, set out the facts in detail.

There was a substantial dispute as to whether the condition of the stairway and entryway was as testified by Claimant, Kelly Thornburg, and her witnesses, or was in the condition testified to by the University employees. Claimant alleged the entryway was overlaid by a carpeting which was saturated with water and that the water trailed off down a terrazzo floor and stairway area. The University employees testified there was not a wet condition as described by Claimant. The Commissioner found the condition of the entrance and stairs to be as testified by Claimant.

The parties agreed as to the exterior weather conditions based on University weather data. The University maintenance department testified as to the procedure in cleaning and drying areas subject to inclement weather conditions. There was detailed testimony as to the scheduling and the methods involved.

The legal questions involved in this matter are undisputed, that is, what duty does a landowner have to a business invitee to care for his safety in the factual situation presented. A review of the authorities cited by both sides indicates that a landowner has an obligation

to use reasonable care and caution to keep his premises reasonably safe for the use by a business invitee. However, he is not an insurer of the safety of his invitees and such persons assume normal, obvious or ordinary risks attendant to the use of premises.

Claimant cites two cases, *Hamby v. State*, 31 Ill. Ct. Cl. 487 and *Pavlik v. State*, 31 Ill. Ct. Cl. 469, in which both Claimants recovered on a slip and fall fact situation. Respondent, on the other hand, cites three cases noted in the Commissioner's report, *Duble v. State*, 26 Ill. Ct. Cl. 87, *Fleischer v. State* (1983), 35 Ill. Ct. Cl. 799, and *Ponds v. State*, 33 Ill. Ct. Cl. 79, in which recovery was denied. In all of the foregoing cases, the Court's decision was based on various interpretations as to (a) whether the Respondent recognized its obligation to business invitees, or (b) whether Respondent had exercised a reasonable degree of care in remedying a condition for the safety of its invitees. In both *Hamby* and *Pavlik*, the Court found that Respondent had not exercised a reasonable degree of care as required. In *Pavlik*, the factual dispute revolved around a highly polished terrazzo floor which became even more slippery when wet. There was no indication there was any evidence that the State had taken any steps to acknowledge or remedy this slippery condition. In *Hamby*, on the other hand, the Court commented that the State completely failed to explain why it had not remedied the condition in question, commenting:

"The State fails to explain why it made no effort to refute claimant's testimony by calling an employee of the Secretary of State's office who could testify as to the facts of the occurrence. The testimony is unrefuted that the rain was heavy, although intermittent, on the day of the incident. It appears that the State had sufficient notice of the raining condition and should have made some effort to keep the floor of the facility dry. In failing to do so, we think the State failed to use that degree of care reasonable under the circumstances, and that the State's negligence was a proximate cause of the claimant's injury." *Hamby v. State*, 33 Ill. Ct. Cl. 489.

In the three cases noted by the Commissioner in his report, it is clear that Respondent recognized its obligation with regard to conditions and the danger for business invitees and had taken steps to remedy them. Similarly, in the case before the Court, it is clear that the University recognized its obligation to its invitees with regard to the wet condition of the entrance foyer and stairs. The precise issue in this case then becomes, whether the steps taken by the University were reasonable and at what point a requirement of further action by the University becomes overburdensome and makes it an insurer of the safety of its business invitees. Considering the Commissioner's factual findings, the sheer size and extent of the University property, and the testimony of the maintenance personnel, it seems unreasonable to require further action by the University to remedy the condition of the entrance. The maintenance program recited by the University's witnesses clearly indicates that it recognized its obligations and took reasonable steps to fulfill them. Short of stationing a maintenance person at every door of every building, it is difficult to see how a loss such as the one claimed in this case could be prevented. Such an extreme requirement would make the University an insurer of Claimant's safety.

It is the opinion of this Court that the University did everything that was reasonably necessary to safeguard the public in the use of its premises, and that to make a contrary finding would change the law of the State of Illinois relative to the duties of Claimant and its responsibility.

Claim is denied.