(No. 85-CC-3069–

KAREN MUNSTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1988.*

HORWITZ, HORWITZ & ASSOCIATES (JOHN KOVAC, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (KARIN L. KEPLER and ERIN M. O'CONNELL, Assistant Attorneys General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises,

Finds that on September 20, 1983, Claimant, Karen

Munster drove to the Secretary of State driver's license facility in Bradley, Illinois. Claimant's son, Timothy, and her mother-in-law, Emma Munster, accompanied her.

Claimant arrived at the driver's license facility at approximately 3:45 p.m. It was either raining or had just finished raining. Claimant exited her automobile and proceeded to the door of the facility which opened outwards. When she opened the door, she stepped onto a mat which moved, causing Claimant to fall and break her leg. Claimant's mother-in-law saw Claimant fall and with her grandson went into the facility. Upon entering the facility the grandson fell, the Claimant catching him.

Mr. Thompson, supervisor of the State facility stated it rained all day and the first time he saw Claimant, she was in a sitting position on the floor.

Emma Munster looked down at the floor and saw a puddle of water inside the doors approximately four or five inches inside the door. It was about the size of a dinner plate. There were cracks in the floor and a slope which created a spot for water to gather. Employees from the facility assisted Claimant up. Claimant got her driver's license and later drove to Sears. While at Sears, the leg pain became so unbearable, Claimant's mother-in-law took Claimant to St. Mary's Hospital. Claimant saw Dr. Lange and Dr. Renchler, an orthopedic physician, who provided a report.

It is clear that the tile inside the facility had been there for some time and a depression existed allowing water to collect. The Secretary of State employees kept a mop in the vestibule area on days which it rained, which suggests there were problems with water accumulating in that location. To allow this condition to exist is a violation of the duty of reasonable care that the

State owes in maintaining its premises in a reasonably safe condition. *Hanby v. State* (1976), 31 Ill. Ct. Cl. 487.

Damages consist of the broken bone Claimant suffered during the fall, pain, suffering, disability, medical bills and the issue of economic loss, a result of her disability.

Claimant's injury consisted of a nondisplaced fracture of the patella which was accompanied by patellar chrondromalcia and atrophy. The chrondromalcia is evidence of permanent changes in her knee joint.

Claimant's claim regarding loss of her business investment is less clear. It was not proven that Claimant's closing her business was proximately caused by the injuries suffered. Other people including her partner were able to perform her functions. No evidence was presented as to the decline of business immediately following the incident at the State facility.

Ordered that Claimant is awarded ten thousand ($10,000.00) dollars for pain, suffering and disability and one thousand thirty four dollars and thirty five cents ($1,034.35) for medical bills, said award being in full and complete satisfaction of Claimant's complaint.