(No. 86-CC-2714–

RONALD SAULTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1995.*

AMBROSE & CUSHING (LAWRENCE J. GRIFFIN, of counsel), for Claimant.

JIM RYAN, Attorney General (PHILLIP ROBERTSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This is a claim which arose as a result of an injury suffered in the gymnasium at a Department of Corrections facility. Mr. Saulter was an inmate at the correctional center. He was an experienced boxer and was working out on a heavy bag in the gymnasium. The bag had been constructed in a squatting rack. The squatting rack was a metal structure that had a pole through it from which the bag hung. This resulted in there being 18 inches on either side of the bag, between the bag and the metal structure. It appears that the State at least had some notice that the bar on top of the squat rack would move as the bag was being punched.

As Mr. Saulter was hitting the bag, the bar broke loose, and Mr. Saulter's hand hit the metal pole. He fractured his fourth metacarpal (or knuckle). He claims significant injuries as a result of that fracture.

In an extremely well argued and well researched brief, Mr. Saulter's counsel argues that the State created the dangerous situation, and therefore, the State did not have to have actual or constructive notice of it. In fact, a representative of the State evidently testified that he had seen the bar move or wiggle. Obviously Mr. Saulter also had seen the bar wiggle or move as he struck it. He continued to use the bag in any event.

Mr. Saulter is asking the State to pay for his injury because they were aware of the fact that the bar supporting the bag moved while it was being struck, but absolve him from any blame. This is despite the fact that he also knew that the bar would move as the bag was struck.

Considering the date of the injury, this claim would be made under the law of pure comparative negligence.

For there to be liability, however, at a minimum it must be reasonably foreseeable to the State that this injury could happen. Of course, it is reasonably foreseeable that many injuries could happen while people are using the gymnasium and strenuously exercising. This is particularly true in the use of certain equipment such as boxing bags.

The State was not required to furnish the recreational facilities in question, nor was Mr. Saulter required to use those facilities.

The Respondent has argued that the bar in question was not secured with wires but with a padlocked chain. In addition, the Respondent pointed out that Mr. Saulter

may not have been a member of the class of inmates, namely the Boxing Team, that was supposed to be using the heavy bag at all. However, the Claimant counters by saying that he used the bag on a consistent basis and was never deprived of the use of the bag.

The State of Illinois has a general duty to maintain its premises in a reasonably safe condition. (*Munster v. State* (1988), 40 Ill. Ct. Cl. 171.) More specifically, the State has a duty to provide inmates of its correctional facilities with reasonably safe conditions within which to exist. *Thomas v. State* (1987), 40 Ill. Ct. Cl. 188, 190.

The State, however, is charged with a duty only when the harm is legally foreseeable. A legal duty requires more than a mere possibility of an occurrence. The State was not required to furnish a heavy bag at all. However, once the State undertook to furnish such a bag, it was required to provide a reasonably safe heavy bag. It is not, however, required to be an insurer of its premises. It is not required to provide items, especially in a gymnasium, which could never, under any circumstances, create an injury.

Mr. Saulter has the burden of proof as a Claimant. Mr. Saulter has failed to prove by a preponderance of the evidence that the heavy bag in question was defective. In addition, Mr. Saulter has failed to prove by a preponderance of the evidence that the State failed to meet its duty. There is no evidence showing an actual notice of imminent failure, nor of constructive notice of imminent failure.

Further, Mr. Saulter bears a heavy burden of assuming the risk of the activity with which he was involved. The Claimant also failed to prove that the apparatus was not set up in conformity with industry standards in effect at the time. *White v. State* (1984), 38 Ill. Ct. Cl. 1.

For all the reasons stated above, we find that the Claimant has failed to meet his burden of proof. Therefore, this claim is hereby denied.