(No. 82-CC-0498—

UDE, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 19, 1982.*

BECKER, DUFOR AND YARBROUGH, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This cause having come for consideration on the Respondent's motion to dismiss and the Court being duly advised in the premises:

Finds, that the services for which the Claimant is seeking reimbursement were satisfactorily performed. An appropriation was made to cover this expenditure in section 23 of Senate Bill 1665 which stated:

"The appropriations herein made, unless otherwise specifically indicated, are for the acquisition, construction, re-construction, re-modeling, rehabilitation, improvement, planning and installation of capital facilities, buildings, and equipment both fixed and movable, and for the acquisition of an improvement to real property and interest in real property required or expected to be required in connection herewith; provided, however, that no contract shall be-entered into or obligation incurred for any expenditures from the appropriation made herein until after the purpose and amounts had been approved in writing by the Governor."

This written approval by the Governor is called a capital release. In this instance, the Governor, James Thompson, never approved a capital release for the appropriation account from which this claim would have been paid. Therefore, the condition precedent to payment of this claim has not been performed. The Illinois Consti-

tution and section 30 of the State Finance Act (Ill. Const. 1970, art. VIII, sec. 2b; Ill. Rev. Stat., ch. 127, par. 166), make it the duty of the General Assembly to appropriate money for expenditures by State agencies. In this instance the General Assembly has made approval by the Governor an intricate part of their appropriation. For this Court to ignore this condition precedent would be an attempt by this Court to appropriate monies in violation of the Illinois Constitution and section 30 of the State Finance Act (Ill. Const. 1970, art. VIII, sec. 2b; Ill. Rev. Stat., ch. 127, par. 166).

It is hereby ordered, that the motion to dismiss of the Respondent is hereby granted and this case is denied with prejudice.