(Nos. 85-CC-0715, 85-CC-0586, 85-CC-0558, 85-CC-0554, 85-CC-0545 not cons▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

AURORA COLLEGE *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 21, 1985.*

AURORA COLLEGE, ST. FRANCIS COLLEGE, ROOSEVELT UNIVERSITY, GOVERNORS STATE UNIVERSITY, *pro se*, for Claimants.

F. ANNE ZEMEK, for Claimant COMMUNITY COLLEGE DISTRICT 508.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN,, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

These five claims have been brought against the Respondent's Illinois State Scholarship Commission for tuition payments for students with Illinois State Scholarships who were properly enrolled and certified for payment. All of the Claimants have alleged that they made demand for payment but that their demand was refused on the grounds that the funds appropriated for the

payments have lapsed. The Respondent has stipulated to payment of one of the claims and has moved to dismiss the others. A departmental report, which is *prima facie* evidence of the facts contained therein pursuant to Rule 14 of the Rules of the Court of Claims, was attached to and incorporated in the stipulation and the motion. None of the Claimants filed responses and the time for doing so has elapsed.

Aurora College filed its claim on October 26, 1984, and it seeks $733.33. The reason stated in the departmental report why the college was not paid prior to the lapsing of the funds was that the student had filed an appeal and was then granted a scholarship for the third quarter of the 1983-84 school year (Respondent's fiscal year 1984).

St. Francis College filed its claim on October 15, 1984, and it seeks $1,525.00. The reason stated in the departmental report why the college was not paid prior to the lapsing of the funds was that the college had incorrectly coded the students as having total refunds.

Community College District 508 filed its claim on October 11, 1984, and it seeks $13,066.00. The reason stated in the departmental report why it was not paid prior to the lapsing of the funds is that the Illinois State Scholarship Commission did not have the funds to pay the Loop College for the students for which reimbursement was sought for the 1983-84 school year.

Governors State University filed its claim on October 11, 1984, and it seeks $473.00. The reason stated in the departmental report why it was not paid prior to the lapsing of the funds is as follows:

"Student was not included in the second semester payout in error. We owe $473.00 to the school."

Roosevelt University filed its claim on October 10, 1984, and it seeks $1,100.00. The reason stated in the

departmental report why it was not paid prior to the lapsing of the funds was that the student was coded by the university as not being registered.

The latest filed departmental report states that $2,100.20 of the line item appropriation for these scholarships was all that lapsed and that claims totalling $18,493.33 have been filed against that lapsed money. It is a long-standing fundamental rule of law in this Court that, barring certain extremely narrow exceptions not applicable here, an award cannot be made in a lapsed appropriation claim where no funds lapsed. Where an insufficient amount of funds lapsed, an award is made of the balance remaining only. It is not an infrequent situation that, as with the claims at bar, numerous claims are filed against a lapsed balance insufficient to cover all the claims. When this happens and the Court has actual knowledge of it, it has been our policy to make awards to the earliest filing Claimants until the lapsed balance has been exhausted. We have considered alternatives and have decided that, while this policy is not free from criticism, the alternatives are too impractical, unworkable, or too unfair.

Previously awarded claims have exhausted all but $504.20 of $2,100.20 which lapsed. Respondent stipulated to payment of that sum to St. Francis College and moved to dismiss the claims of the others on the grounds that insufficient funds lapsed to pay them. For the reason stated above we feel that said sum should be awarded to Roosevelt University which filed its claim the earliest. Accordingly, it is hereby ordered that Roosevelt University, in claim number 85-CC-0545, be and hereby is awarded the sum of $504.20 and the other claims are hereby dismissed.