(Nos. 85-CC-0545, 85-CC-0554, 85-CC-0558, 85-CC-0586, 85-CC-0715, 85-CC-0794, 85-CC-1151, 85-CC-1295, 85-CC-1442, 85-CC-1637, 85-CC-1642, 85-CC-1711, 85-CC-1894, 86-CC-1148, 87-CC-1141 cons.—

ROOSEVELT UNIVERSITY *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1987.*

MONTANA, C.J.

These Claimants each brought claims seeking tuition payments either for themselves or their students. Each filed a standard "lapsed appropriation" form complaint alleging that demand for payment was made to the Respondent's Illinois State Scholarship Commission (hereinafter referred to as the ISSC), but the demand was refused on the grounds that the funds appropriated for the payments had lapsed. All of these claims are against fiscal year 1984 appropriations. The Respondent filed departmental reports compiled by the ISSC in each case.

The Board of Trustees of Community College District 508 filed claim number 85-CC-0794 on November 1, 1984, and it seeks $223.50. The reasons stated in the departmental report as why the Claimant was not paid was due to an incorrect disqualification of a student in connection with a defaulted loan.

The Board of Trustees of Southern Illinois Univer-

sity filed its claim on December 4, 1984, and it seeks $23,937.13. The departmental report filed in this case does not indicate why this claim was not paid.

The Board of Trustees of Community College District 508 filed its second claim on December 17, 1984. The reason for nonpayment stated by ISSC in the departmental report filed in this claim is that the school did not request payment before the appropriation lapsed.

Claimant Donna Enders filed her claim on December 31, 1984, and she seeks $225.00. In response to the question, "What is the dollar amount of the claim still unpaid, and why is it still unpaid?," the departmental report stated as follows:

"225.00 students award increased to $345.00 per term, not until after we had paid $120.00 approved for 2nd sem., 1984" (sic)

We are unsure what that means.

Cara Bocian filed her claim on January 21, 1985, and she seeks $2,200.00. Her nonpayment was said to be due to an incorrect social security number problem and she did not appear on a roster for which the school could ask for payment.

Javier D. Brathwaite also filed his claim on January 21, 1985. He seeks $190.00. The departmental report indicated that his school previously requested half-time payment but now he wants a full-time award.

Jacqueline Thomas filed her claim on January 28, 1985, and she seeks $382.04. Attached to her complaint is a letter from the University of Illinois at Chicago Circle stating that she could not obtain a certified transcript because she owed this money. The ISSC report indicates that the school did not request payment from the ISSC until after the money lapsed.

DePaul University filed its claim on February 14, 1985, and it seeks $12,258.61. The ISSC stated that it, too, had submitted its claim after the appropriation lapsed and only $11,525.28 of the claim would have been approved for payment.

Emanuel Martinez filed his claim on November 21, 1985, and he seeks $1,022.00. The ISSC stated that his school did not request payment. There was no comment made as to whether this claim would have been paid had it been presented before the appropriation lapsed.

The Board of Trustees of Community College District 508 brought a third claim on December 2, 1986, seeking $286.00. The ISSC stated that the school had not requested payment previously.

The Respondent moved to dismiss each claim on the grounds that an insufficient amount of funds lapsed in the line item appropriation to cover the amount of these claims, with the exception of the last Board of Trustees of Community College District 508 in which for no apparent reason the Respondent agreed to our making a full award. The motions were based on information contained in departmental reports which were compiled by the ISSC and offered as *prima facie* evidence of the facts contained therein pursuant to rule 14 of the Rules of the Court of Claims. Actually, $2,100.20 was said to have lapsed but previous claims had exhausted the balance. Interestingly, the ISSC stated that had the requests for payment been presented before the appropriation lapsed it would have paid six of the claims and not paid only one due to lack of funds.

Some of the Claimants filed objections to the motions to dismiss arguing that their claims fell within the "expressly required by law" exception. Appropriating money for scholarship awards programs is a

legislative prerogative and not a function of the Court of Claims. The Court of Claims has dealt with the issues involved in these claims before. In *Aurora College v. State* (1985), 37 Ill. Ct. Cl. 321, 323, the Court stated:

"It is a long-standing fundamental rule of law in this Court that, barring certain extremely narrow exceptions not applicable here, an award cannot be made in a lapsed appropriation claim where no funds lapsed. Where an insufficient amount of funds lapsed, an award is made of the balance remaining only. It is not an infrequent situation that, as with the claims at bar, numerous claims are filed against a lapsed balance insufficient to cover all the claims. When this happens and the Court has actual knowledge of it, it has been our policy to make awards to the earliest filing Claimants until the lapsed balance has been exhausted. We have considered alternatives and have decided that, while this policy is not free from criticism, the alternatives are too impractical, unworkable, or too unfair."

The Board of Trustees of Southern Illinois University raised a different objection. It presented evidence that the ISSC had received $39,551.25 in refunds of certain fiscal year 1984 Monetary Award Program Grants (the appropriation involved in these claims) and asserted that the Court should look to this refund money in determining the issue of sufficiency of lapsed funds. The Respondent then moved for leave to withdraw its motion to dismiss and tendered a stipulation agreeing to our making an award in that one case.

We agree with the proposition that this refund money should be considered and we will do so. However, the Court has actual knowledge of several Claimants in line ahead of the Board of Trustees of Southern Illinois University. The Claimants in *Aurora College v. State, supra,* all sought money from the same line item appropriation from fiscal year 1984 as the Claimants herein do and their claims were filed earlier. All of those claims were previously denied except for that of Roosevelt University, No. 85-CC-0545 which was partially paid. Accordingly, on our own motion, we are reopening those claims and granting awards in the following amounts:

| Claimant | Number | Award | Balance |
|---|---|---|---|
| | | | $39,551.25 |
| Roosevelt University | 85-CC-0545 | $ 595.80 | 38,955.45 |
| Governors State Univ. | 85-CC-0554 | 473.00 | 38,482.45 |
| Comm. College Dist. 508 | 85-CC-0558 | 13,066.00 | 25,416.45 |
| St. Francis College | 85-CC-0586 | 1,525.00 | 23,891.45 |
| Aurora College | 85-CC-0715 | 733.00 | 23,158.45 |

Next, we grant awards in the stated amounts in the following cases herein:

| Community College District 508 | 85-CC-0794 | $ 223.50 | $22,934.95 |
|---|---|---|---|
| Southern Illinois University | 85-CC-1151 | 22,934.95 | ———— |

For the reasons stated above we hereby deny the balance of claim number 85-CC-1151 and the later claims involved herein. The ISSC is however ordered to re-examine its records to determine if any more refunds of funds from the FY84 001-69131-4475-0100 line item appropriation have been received. If so, it is to contact counsel for the Respondent who is to notify the Court and we will reconsider those claims which are denied.