(Nos. 85-CC-1151, 85-CC-1295, 85-CC-1442, 85-CC-1637, 85-CC-1642, 85-CC-1711, 85-CC-1894, 85-CC-2265, 86-CC-1148, 87-CC-0985, 87-CC-1141, 87-CC-2902 cons.—

BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 29, 1988.*

*Order filed May 17, 1988.*

DENISE E. GALE, for Claimant Board of Trustees of Southern Illinois University.

F. ANNE ZEMEK, for Claimant Board of Trustees of Community College District 508.

MITCHELL, RUSSELL & KELLY (RONALD K. SZOPA, of counsel), for Claimant DePaul University.

DONNA ENDERS, CARA A. BOCIAN, JAVIER D. BRAITHWAITE, JACQUELINE THOMAS, EUREKA COLLEGE, EMANUEL MARTINEZ, DONALD H. MOON, and TAHITI P. WEAVER, *pro se*, for Claimants.

Neil F. Hartigan, Attorney General, for Respondent.

## OPINION

Montana, C.J.

These Claimants brought claims seeking tuition payments. Each filed a standard "lapsed appropriation" form complaint alleging that demand for payment was made to the Illinois State Scholarship Commission (hereinafter referred to as the ISSC), but the demand was refused on the grounds that the funds appropriated for the payments had lapsed. All of these claims are against fiscal year 1984 appropriations.

These claims come on to be heard following our decision in *Aurora College v. State* (1985), 37 Ill. Ct. Cl. 321 and *Roosevelt University v. State* (1987), 39 Ill. Ct. Cl. 161. We begin here where the latter opinion left off. In that decision we ordered the ISSC to re-examine its records to determine if it had received more refunds from the FY 84 001-69131-4475-0100 line item appropriation and to notify us if so and we would reconsider our decision. The ISSC has notified the Court that an additional $34,006.29 in refunds is available. We will now consider the claims in the order in which they were filed.

Southern Illinois University in claim number 85-CC-1151 had sought, and the Respondent had agreed to, an award of $23,937.13. We previously awarded $22,934.95 leaving a balance of $1,002.18. We hereby enter an award in claim number 85-CC-1151 in the amount of

$1,002.18. This award leaves a balance available of $33,004.11.

Next in time was the Board of Trustees of Community College District 508 with claim number 85-CC-1295. It sought and was entitled to $286.00. We hereby award $286.00 in claim number 85-CC-1295. This award leaves a balance of $32,718.11.

Donna Enders' claim, number 85-CC-1442, was next. She sought and was apparently entitled to $225.00. We hereby enter an award for $225.00 in her claim, leaving a balance of $32,493.11.

Cara Bocian filed the following claim, number 85-CC-1637. She sought $2,200.00. As stated in the May 20, 1987, decision, her previously not having been paid was due to an incorrect social security number problem and she did not appear on a roster for which the school could ask payment. Having examined the departmental report compiled by the ISSC, we find she is entitled to, and we hereby enter, an award of $2,200.00. This award leaves an unexpended balance of $30,293.11.

Javier Braithwaite, claim number 85-CC-1642, was next. Mr. Braithwaite had previously been paid for half-time status but the ISSC report indicates that he was entitled to be paid for full-time status or an additional $190.00. We hereby enter an award in claim number 85-CC-1642 in the amount of $190.00. Payment of this award would leave an unspent balance of $30,103.11.

Next in time was claim number 85-CC-1711 filed by Jacqueline Thomas. As confirmed by the ISSC report on file, she is entitled to, and we hereby award her, the sum of $382.04. The unawarded balance is now $29,721.07.

DePaul University filed the following claim, number 85-CC-1894. It sought $12,258.61 but the ISSC

only approved $11,525.28. There is nothing in the record to explain the difference. We hereby award DePaul University the undisputed amount, $11,525.28. Because sufficient money will be left over at the conclusion of this opinion, we will consider an award of the disputed amount if the Claimant raises an objection within 30 days of the date this decision is filed. This award leaves a balance of $18,195.79.

Eureka College's claim was not addressed in the previous decision due to an oversight but had filed claim number 85-CC-2265 next in time. Eureka College's claim was denied on June 22, 1987, for lack of lapsed funds. Its claim was originally filed for $5,525.00 but the parties stipulated that only $5,435.00 was owing. We hereby award Eureka College $5,435.00 leaving a balance of $12,760.79.

Next was claim number 86-CC-1148 filed by Emanuel Martinez. He sought $1,022.00. We are unable to determine from the record whether he is entitled to an award. Again, because there will be sufficient funds remaining at the conclusion of this opinion we will reconsider this claim. Respondent is hereby ordered to supplement its report indicating its position as to whether the Claimant is entitled to an award.

Donald H. Moon, claim number 87-CC-0985 sought an award of $205.00 which amount is supported by the record. We hereby enter an award of $205.00 in claim number 87-CC-0985. This award leaves a balance of $12,555.79.

The Board of Trustees of Community College District 508 filed its third claim, number 87-CC-1141, next in time. It sought, and the record supports, an award of $286.00. We hereby award $286.00 in claim number 87-CC-1141, leaving a balance of $12,269.79.

150

Last in time was claim number 87-CC-2902 filed by Tahiti P. Weaver. Like Eureka College, her claim was not addressed in the previous decision because we did not have actual knowledge of it being on file. The record supports her claim for $410.00 and we hereby enter an award in that amount.

$11,859.79 remains for any unknown claims.

## ORDER

MONTANA, C.J.

This cause comes on to be heard following the Respondent's response to our order dated February 29, 1988;

The court hereby finds after considering the Respondent's supplement to its previously filed report that the Claimant is entitled to an award in the amount of $1,022.00. After making said award, the sum of $10,837.79 remains for any unknown claims.

It is hereby ordered that the Claimant be, and hereby is, awarded $1,022.00.