(No. 88-CC-3888– )

MARY B. BOJKO, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Order on motion for summary judgment filed December 28, 1988.*

*Order on motion for reconsideration filed June 16, 1989.*

JAMES J. MARSZALEK, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

MONTANA, C.J.

This cause coming on to be heard on the motion of Respondent for summary judgment, due notice having been given the parties hereto, and the Court being fully advised in the premises:

The court finds that this is a standard lapsed appropriation claim against the State of Illinois for travel expenses incurred by a court reporter who rendered

services to the Illinois Industrial Commission. The departmental report of the Illinois Industrial Commission is attached hereto and, pursuant to section 790.140 of the Rules of the Court of Claims (74 Ill. Adm. Code 790.140) is *prima facie* evidence of the facts set forth therein.

As stated in the report, a total of $2,139.40 in claims was made against a lapsed balance of $195.58. As can be seen from the September 9, 1988, addendum to the departmental report, the two claims made against the lapsed balance were the instant claim, and *Granlund v. State*, 40 Ill. Ct. Cl. 320.

The Court of Claims has no authority to grant awards in cases where the balance of the appropriation remaining is insufficient to pay all the claims made against that appropriation, as section 30 of the State Finance Act (Ill. Rev. Stat. 1987, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated for a department.

Where, as here, the total amount in claims exceeds the lapsed balance, the claims are paid in the order of their filing until the appropriation remaining is exhausted. In this instance, *Granlund*, which claimed $137.10, was filed before the case at bar and has already been paid. That leaves $58.48 remaining to apply to the instant claim.

It is therefore ordered that Respondent's motion be, and the same is, hereby granted, and Claimant is hereby awarded the amount of $58.48.

## ORDER ON MOTION FOR RECONSIDERATION

MONTANA, C.J.

This cause comes on to be heard on the Claimant's

motion for reconsideration or, in the alternative, motion for new trial, due notice having been given, and the Court being advised.

Claimant brought this action seeking $2,002.30 in reimbursement of travel expenses in connection with her performance of duties as a court reporter for the Illinois Industrial Commission. In her standard lapsed appropriation form complaint she alleged that she made demand for payment but her demand was refused on the grounds that the funds appropriated for the payment had lapsed.

The Respondent moved for summary judgment and an order was entered granting the motion on December 28, 1988. In pertinent part that order stated as follows:

"The Court finds that this is a standard lapsed appropriation claim against the State of Illinois for travel expenses incurred by a court reporter who rendered services to the Illinois Industrial Commission. The departmental report of the Illinois Industrial Commission is attached hereto and, pursuant to section 790.140 of the Rules of the Court of Claims (74 Ill. Adm. Code 790.140) is *prima facie* evidence of the facts set forth therein.

As stated in the report, a total of $2,139.40 in claims was made against a lapsed balance of $195.58. As can be seen from the September 9, 1988, addendum to the departmental report, the two claims made against the lapsed balance were the instant claim, and *Granlund v. State*, No. 88-CC-1660.

The Court of Claims has no authority to grant awards in cases where the balance of the appropriation remaining is insufficient to pay all the claims made against that appropriation, as section 30 of the State Finance Act (Ill. Rev. Stat. 1987, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated for a department.

Where, as here, the total amount in claims exceeds the lapsed balance, the claims are paid in the order of their filing until the appropriation remaining is exhausted. In this instance, *Granlund* which claimed $137.10, was filed before the case at bar and has already been paid. That leaves $58.48 remaining to apply to the instant claim.

The order concluded with the granting of the motion and awarding of the $58.48.

In her motion at bar, Claimant asserts that the Court did not address an issue raised in her objection to the motion for summary judgment. Essentially, Claimant sought to recharacterize her claim from a simple lapsed appropriation claim to one sounding in tort. A proposed amended complaint has a second count which alleges various acts or omissions by the Illinois Industrial Commission which are said to have resulted in her not being reimbursed the travel expenses. She seeks the opportunity to present such a claim.

The record in this case is already sufficient for us to understand what happened. The Industrial Commission incurred obligations in excess of the funds appropriated to pay for those obligations. The record does not explain how this occurred. It is not necessary for the purpose of this decision for the Court to know how it happened. Even if we assume the allegations of the amended complaint to be true, we cannot condone allowing this case to proceed as a tort claim. As a matter of policy, to do so would be tantamount to creating a mechanism by which nearly all spending limitations of the State's appropriation process could be avoided. For the Court to pay an award in this case would be to in effect make a supplemental appropriation to the Illinois Industrial Commission. Appropriating State funds is the constitutional prerogative of the legislature.

However, for purposes of potential consideration of this matter by the legislature, we do find that the expenses as claimed were incurred, that the amount claimed is consistent with usual travel regulations, and that Claimant's employer, the Industrial Commission, agreed that her claim is valid.

Accordingly, it is hereby ordered that the motions in the alternative at bar be and, hereby are, both denied.