334

THORLIEF LARSEN & SON, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion for disbursement of award filed October 25, 1990.*

*Order filed May 15, 1991.*

QUERRY & HARROW, LTD., for Claimant Thorlief Larsen & Son, Inc.

HOWARD M. TURNER, for Kleich & Galanis.

ROLAND W. BURRIS, Attorney General (ERIN M. O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

ORDER ON MOTION FOR DISBURSEMENT OF AWARD

MONTANA, C.J.

This cause coming on to be heard pursuant to Claimant Thorlief Larsen & Son, Inc.'s motion for disbursement of award, and the Court being fully advised in the premises;

Now therefore, it is hereby ordered that this Court's

award of $407,086.91 to Claimant entered on June 8, 1990, be disbursed to the following payees in the following amounts and subject to the following requirements:

(i) $150,000.00 to the Clerk of the Circuit Court of Cook County under Case No. 80-CH-9055, entitled *Kleich & Galanis Kontractors, Inc. v. Thorlief Larsen & Son, Inc.*

(ii) $9,924.00 to Du-Al Floor Company, Inc., c/o its attorney, James B. Rice, 847 Highland Road, Frankfort, Illinois 60423 upon delivery to the Court of Claims by counsel for claimant of a certified copy of the order of the circuit court of Cook County, Illinois dismissing Du-Al Floor Company, Inc.'s claim for a lien against public funds in the amount of $10,054.00,

(iii) $24,938.96 to the Clerk of the Circuit Court of Cook County, Illinois under Case No. 80-CH-7643, entitled *Bari Sewer & Water Company, Inc. v. Thorlief Larsen & Son, Inc.* which was reinstated by the Court after having been dismissed,

(iv) $27,935.00 to the Clerk of the Circuit Court of Cook County, Illinois under Case No. 85-CH-1770 entitled *Engineered Erection Company, Inc. v. Capital Development Board of the State of Illinois and Thorlief Larsen & Son, Inc.*; and

(v) $194,288.95 to Thorlief Larsen & Son, Inc., representing the balance of this Court's award, to be disbursed after items (i) through (iv) have been disbursed and the Court is notified that Cook County Circuit Court case No. 80-CH-9055, entitled Kleich & Galanis Kontractors, Inc. v. Thorlief Larsen & Son, Inc., is resolved.

## ORDER

MONTANA, C.J.

This cause comes on to be heard on the second joint stipulation of the parties, due notice having been given, and the Court being advised;

The facts of this case were set forth in our order entered herein on June 8, 1990. (42 Ill. Ct. Cl. 195.) We retained jurisdiction for several reasons including resolution of what the parties referred to as "the Separate Action" which is now before us.

The parties' stipulation reads in relevant part as follows:

"1. This proceeding was commenced by the filing of a Complaint for recovery of a lapsed appropriation, pursuant to Section 790.50(d) of this Court's Rules.

2. Pursuant to the Joint Stipulation of the Claimant and Respondent dated May 17, 1990 filed herein, the Court, by Order of June 8, 1990, awarded Claimant $407,086.91 and retained jurisdiction of the balance of Claimant's claim.

3. Pursuant to the Joint Stipulation, the Capital Development Board ('the CDB') agreed to process for payment the Authorized Extra Work, as defined in Paragraph 6 of the Joint Stipulation, and to review promptly and consider for approval the Undetermined Extra Work, as defined in Paragraph 6 of the Joint Stipulation.

4. Claimant and Respondent have taken all actions required of them by the Joint Stipulation and the Court's Orders of June 8, 1980 and October 25, 1990.

5. Consequently, for purposes of this action, the CDB acknowledges and agrees that $101,717.40 is due Claimant as follows:

| | |
|---|---|
| Original Contract Amount | $5,361,780.00 |
| Plus Approved and Agreed Change Orders | $ 386,639.24 |
| Net Contract Amount | $5,748,419.24 |
| Less Prior Payments | $5,239,614.93 |
| Less Prior Court Award | $ 407,086.91 |
| Net Contract Balance Due | $ 101,717.40 |

6. In the interest of reducing the time and expense of trial and in recognition of Claimant's right to payment, Respondent consents to the entry of judgment in favor of Claimant and against Respondent in the amount of $101,717.40."

This Court is not bound by such agreements and we cannot acquiesce in approving this one. As was fully explained in our order of June 8, 1990, all of the lapsed funds available for the project have been paid out. That was the reason for the Court's reduction of a portion of the agreed amount awarded to the Claimant in the previous order. In this type of case the Court cannot approve an award in excess of the amount lapsed. To do so would be adding money to the project or making a deficiency appropriation. Appropriating funds is the sole prerogative of the General Assembly.

Although we are constrained by law to disapprove the settlement, we have no quarrel with the amount of the settlement. But for the insufficiency of lapsed funds we would approve the settlement and award in the agreed upon sum. Claimant has stressed that both parties have agreed to an award. Even if we could make the award, payment would have to be approved by the General Assembly. The Court would not be authorized to direct immediate payment. (Ill. Rev. Stat., ch. 37, pars. 439.23, 439.24.) For purposes of potential consideration of this matter by the General Assembly, the Court finds that the services were performed to the satisfaction of the Capital Development Board, that the Capital Development Board agrees the money is owed, that the settlement appears to be fair, reasonable and reached pursuant to arms-length negotiations, and that but for the lack of funds Claimant would have been awarded $101,717.40.

For the reason stated above, it is hereby ordered that this claim be, and hereby is, denied.