(No. 90-CC-3105-

FENCEL CONSTRUCTION Co., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 30, 1991.*

*Order filed September 5, 1991.*

ROBERT J. HUGUELET, JR., for Claimant.

ROLAND W. BURRIS, Attorney General (RICHARD F. LINDEN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

This matter is before the Court upon the joint stipulation of the parties hereto. This claim sounds in contract and is before us pursuant to section 8(b) of the Court of Claims Act. Ill. Rev. Stat. ch. 37, par. 439.8(b).

### In relevant part, the stipulation reads as follows:

"2. This cause concerns four separate construction contracts entered into between the Illinois Department of Transportation ('Department') and Fencel Construction Company ('Fencel'). The contracts at issue are contract numbers 42448, 42859, 40825 and 42828 (hereinafter referred to collectively as 'Contracts').

3. Each of the four contracts contained a provision pertaining to Disadvantaged Business Enterprise ('DBE') and Women's Business Enterprise ('WBE'). These provisions set goals for the contractor Fencel to employ a certain percentage of minority subcontractors and authorized the Department to withhold a portion of the contract price should Fencel fail to meet the DBE and WBE goals. The provisions also permitted Fencel to request a waiver or partial waiver of DBE or WBE goals.

4. The Department withheld a total of $52,779.63 in contract funds from Fencel for its failure to meet DBE or WBE goals under the contracts. Fencel applied for a waiver under each of the contracts claiming that it was confronted with a default by a subcontractor approved under DBE or WBE goals.

5. After a hearing, the Department denied Fencel's requests for waivers of the DBE and WBE goals. The Department held that despite Fencel being confronted with a default by the subcontractor under each of the contracts, Fencel should have found a substitute DBE or WBE firm to perform the work. The issue in this case is whether the default by the subcontractor in each of the respective four contracts was justifiable and whether same constituted a material breach of contract such to enable a waiver or modification of goals.

6. The parties have agreed to a settlement of this claim in order to avoid further litigation, and that respondent hereby agrees to the entry of an award

in favor of claimant in the amount of THIRTY ONE THOUSAND SIX HUNDRED AND SIXTY SEVEN DOLLARS AND SEVENTY EIGHT CENTS ($31,667.78). This figure represents sixty percent of the contract funds withheld by the department on the four contracts.

7. It is understood and agreed between the parties that the settlement herein does not constitute an admission of any liability, nor have any expressions or representations been made by either party (or the attorneys therefor) as to any legal liability or other responsibility of any party hereto.

8. Each party agrees to assume its own costs and fees.

9. Claimants, its officers, employees, directors, stockholders, its heirs and assignees, hereby waives, releases and relinquishes any claim, right or suit against the State of Illinois, the Department of Transportation, their subdivisions, officers or employees, arising out of or in connection with the contracts at issue in this case or any other claim in connection with the subject matter of this litigation."

This Court is not bound by such settlements and it cannot acquiesce in approving this one. The record indicates that payments on the contracts were to come from four separate appropriations of road fund money to the Department and that no money lapsed in any of these appropriations. The Department indicated that the money withheld on the contracts was spent elsewhere. Under these circumstances, for the Court of Claims to enter an award would be tantamount to granting the Department a supplemental appropriation. Appropriating funds for the operations of the Department is the prerogative of the legislature.

However, for purposes of the possible consideration of this matter by the legislature, we find that, but for the Department having spent the funds withheld under the contracts elsewhere, we would have approved the settlement and made an award in the amount of $31,667.78. Claim denied.

## ORDER

MONTANA, C.J.

This cause comes on to be heard on the Claimant's request for reconsideration and hearing, due notice

having been given, no response having been filed, and the Court being advised;

In support of its request, the Claimant states as follows:

"The Opinion states that the agreed settlement amount of THIRTY ONE THOUSAND SIX HUNDRED AND SIXTY SEVEN DOLLARS and SEVENTY EIGHT CENTS ($31,667.78) would have been approved, but for the Illinois Department of Transportation having spent monies withheld for payments of the underlying contracts elsewhere. That by this reasoning, any state agency could avoid paying justifiable claim simply by spending the money designated for payment of the claimant "elsewhere." This is inequitable to the Claimant, contrary to the underlying contracts and a violation of the Claimant's constitutional due process rights."

The request will be denied. Claimant's arguments misapprehend the purpose of the Court of Claims and its responsibilities *vis à vis* the General Assembly and the appropriations process. They ignore many years of basic Court of Claims case law. In fact, Claimant cited no case to show how the case at bar was any different from the Court's approach taken in similar cases in the past. See discussions in *La Salle National Bank v. State* (1991), 43 Ill. Ct. Cl. 266; *Thorlief Larsen & Son, Inc. v. State* (1990, 1991), 43 Ill. Ct. Cl. 334; *Bojko v. State* (1988, 1989), 41 Ill. Ct. Cl. 202; *J. F. Inc. v. State* (1988), 41 Ill. Ct. Cl. 5; *Loewenberg/Fitch Partnership v. State* (1986), 38 Ill. Ct. Cl. 227; *Ude, Inc. v. State* (1982), 35 Ill. Ct. Cl. 384.

In short, Claimant is correct that an agency could avoid paying by overspending, as happened here, but on the other hand, if the Court made awards in such instances, there may be no limit to the overspending.

In deciding this case as we did we fulfilled our responsibilities. No proposed order was tendered with the joint stipulation (and none was tendered with the request at bar). The opinion we prepared and entered in this case went into detail to advise the General Assembly

of the circumstances surrounding this case. The General Assembly considered the matter and included the case in S.B.409, otherwise known as the Court of Claims Special Awards Bill, for payment. As this decision is being prepared, that bill is awaiting approval by the Governor. If approved by the Governor, Claimant will be paid with the funds appropriated in the bill.

Had the Court approved the settlement and made the award, Claimant's situation would be unchanged. The award would have been included in the same appropriations bill now pending before the Governor for approval. (See Ill. Rev. Stat., ch. 37, par. 439.24.) We fail to see what Claimant hopes to gain by the request now before us. If the request were granted and the matter set for hearing, Claimant would not be paid any sooner and most likely much later, regardless of the outcome of the hearing.

Wherefore, it is hereby ordered that the request at bar be, and hereby is, denied.