(No. 86-CC-3295–<span>▮▮▮▮▮▮▮▮▮</span>

GRAHAM, O'SHEA & HYDE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 14, 1992.*

GRAHAM & GRAHAM, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (VERNE E. DENTINO, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

Claimant, Graham, O'Shea and Hyde, brought this claim on May 21, 1986, seeking $206,543.00 in damages alleging breach of contract with the Respondent's Capital Development Board (CDB). The case was placed on general continuance shortly thereafter for three years due to collateral litigation in another forum. After discovery was conducted and pretrial conferences were held, the parties entered into and filed a joint stipulation for settlement. The case is now before us for approval of the settlement.

In pertinent part, the stipulation reads as follows:

"1. This claim arises from on or about November 6, 1974, wherein claimant Graham, O'Shea and Hyde entered into a contract with Capital Development Board known as Project No. 768-155-001 for services.

2. The parties have investigated this claim and have knowledge of the facts and law applicable to the claim, and are desirous of settling this claim in the interest of peace and economy.

3. Both parties agree that an award of $25,000.00 is both fair and reasonable for settlement of this contract claim.

4. Claimant agrees to accept, and respondent agrees to pay claimant $25,000.00 in full and final satisfaction of this claim and any other claims against respondent arising from the events which gave rise to this claim.

5. The parties hereby agree to waive hearing the taking of evidence, and the submission of briefs."

This Court is not bound by such stipulations and it cannot acquiesce in approving this one for to do so would be to grant an award in excess of the funds appropriated for the project. The record indicates that the final appropriation for this project was in the fiscal year 1982 line item No. 141-511101-4470-63-75. Only $5,908.19 lapsed in that account.

In breach of contract claims, whether the claims are before us on their merits or for approval of a settlement, it is this Court's policy to limit awards so as not to exceed the amount of funds, appropriated and lapsed, with which payment could have been made. To do otherwise, *i.e.*, to award money for debt incurred beyond the sum allotted by the General Assembly, would be tantamount to making a deficiency appropriation. The appropriation of State funds for governmental operations is the constitutional prerogative of the General Assembly. It is this Court's duty to uphold that process and advise the General Assembly. (*La Salle National Bank v. State* (1991), 43 Ill. Ct. Cl. 266; *Thorlief Larsen & Son, Inc. v. State* (1990), 43 Ill. Ct. Cl. 334; *Bojko v. State* (1988, 1989), 41 Ill. Ct. Cl. 202; *J. F. Inc. v. State* (1988), 41 Ill. Ct. Cl. 5; *Loewenberg/Fitch Partnership v. State* (1986), 38 Ill. Ct. Cl. 227; *Ude, Inc. v. State* (1982), 35 Ill. Ct. Cl. 384.) In the case at bar, an insufficient amount of money lapsed to cover the entire settlement.

We are constrained to disapprove that amount of the settlement which is in excess of the lapsed appropriations. Although this Court cannot make the agreed award, the General Assembly may. For the purpose of possible consideration of this claim by the General Assembly, we find that but for the insufficiency of lapsed funds we would have approved the settlement and awarded the $25,000.00 which the parties have stipulated that, after having investigated the case and having knowledge of the facts and law, is a fair and reasonable sum.

Wherefore, it is hereby ordered that the Claimant be, and hereby is, awarded $5,908.19. If the General Assembly does consider this matter and acts to approve additional compensation, an additional sum of

$19,091.81 is the Court's finding as to an appropriate amount.