(No. 87-CC-0877)

UTILITY MECHANICAL CONTRACTORS, INC., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed November 12, 1993.*

POPE & JOHN (BRUCE R. MECKLER, of counsel), for Claimant.

FELDMAN & WASSER (CARL R. DRAPER, of counsel), for Respondent.

## ORDER

SOMMER, J.

This cause comes on to be heard on the parties' joint motion for entry of agreed order, due notice having been given, and the Court being advised, finds:

Claimant Utility Mechanical Contractors, Inc. brought this claim seeking payment of $1,251,068 pursuant to a contract it entered into with the Respondent's Capital Development Board (CDB). The parties entered into a settlement agreeing to the entry of an award in the compromised amount of $200,000. The settlement is now before the Court for approval.

In relevant part the motion at bar states as follows:

"1. The parties have entered into a settlement agreement, a copy of which is attached hereto and made a part hereof as Exhibit A.

2. The Claimant was seeking payment for $681,000 worth of work that it claimed was performed on that project as part of the damages it was claiming.

3. The CAPITAL DEVELOPMENT BOARD agrees that the Claimant is justly entitled to the sum of Two Hundred Thousand and no/100 Dollars ($200,000) and requests this court to enter an order providing for payment in the sum of $200,000 as the full compensation from this cause, together with other monies to be contributed to the contributory trust fund of the CAPITAL DEVELOPMENT BOARD by the surety company.

4. Both parties request that this action be taken and that the agreed order be entered and that this cause be dismissed upon payment."

On August 26, 1993, the Court took up the motion and, although noting that the record in this matter was lengthy, held the decision in abeyance ordering that additional information be placed in the record. Specifically, the Court sought a copy of the settlement agreement and information on the funding of the project. That information has now been provided.

The settlement agreement itself, referred to as Exhibit A in the motion, adds an explanation of the controversy as well as reciting the terms of the compromise. It was entered into by the CDB, the Claimant, Philip A. and Leah Marcus, and United States Fidelity and Guarantee Co. In relevant part it provides as follows:

"WHEREAS, in or about June, 1985, Utility Mechanical Contractors, Inc. was awarded a contract commonly referred to as Bid Package Number 5 for the conversion of the Abbott Power Plant on the Champaign Campus of the University of Illinois; and

WHEREAS, the Capital Development Board of the State of Illinois was the contracting party on behalf of the State of Illinois; and

WHEREAS, in or about August, 1985, United Fidelity Guarantee Company issued a Labor and Material Bond and Performance Bond on behalf of Utility Mechanical Contractors, Inc. to assure the payment for work performed by Utility at the Abbott Power Plant Project; and

WHEREAS, in or about July, 1981, United States Fidelity and Guaranty Company entered into a Master Surety Agreement with Philip A. and Leah Marcus which, *inter alia*, guaranteed the performance of Utility Mechanical Contractors, Inc. under the respective Labor and Material Payment and Performance Bonds relating to, *inter alia*, the Abbott Power Plant Project; and

WHEREAS, subsequent to the commencement of the work at the Abbott Power Plant Project, a dispute arose between Utility Mechanical Contractors, Inc. and the Capital Development Board resulting in the Capital Development Board terminating the contract of Utility Mechanical Contractors, Inc.; and

WHEREAS, Utility Mechanical Contractors, Inc. believed that its termination was wrongful, illegal and violated the laws of the State of Illinois and the contract documents; and

WHEREAS, Utility Mechanical Contractors, Inc. initiated an action in the Court of Claims of the State of Illinois entitled *Utility Mechanical Contractors, Inc., an Illinois corporation, Claimant vs. Capital Development Board of the State of Illinois, Respondent*, No. 87-CC-0877; and

WHEREAS, United States Fidelity and Guarantee Company initiated an action in the Circuit Court of Cook County, Illinois entitled *United States Fidelity and Guarantee Company v. Utility Mechanical Contractors, Inc. and Philip and Leah Marcus*, 87 L 21954, which sought indemnity for amounts that United States Fidelity and Guarantee Company have paid in connection with the Labor and Material Payment Bond and Performance Bond for the Abbott Power Plant Project; and

WHEREAS, the Capital Development Board of the State of Illinois believed that the termination of Utility Mechanical Contractors, Inc. was appropriate and that their actions prior to termination and the result of the termination have cost the State of Illinois significant damages; and

WHEREAS, the Capital Development Board of the State of Illinois instituted an action in Champaign County entitled *People of the State of Illinois, ex rel. Skoien v. Utility Mechanical Contractors and United States Fidelity and Guarantee Company*, No. 90-L-292 (the "Champaign County Action"); and

WHEREAS, Utility Mechanical Contractors, Inc. instituted an action in the Champaign County action against United States Fidelity and Guarantee Company which alleged, *inter alia*, that United States Fidelity and Guarantee Company breached its obligations of good faith and fair dealing with Utility, which allegations were denied by United States Fidelity and Guarantee Company.

WHEREAS, all parties believe that it is in the best interest of each to completely settle the matters between themselves.

NOW THEREFORE IT IS AGREED THAT:

1. Neither the Capital Development Board of the State of Illinois, Utility Mechanical Contractors, Inc., United States Fidelity and Guarantee Company nor Philip A. and Leah Marcus by entering into this agreement in any manner concedes that any actions taken by any of them are improper or wrong and this settlement is solely for the purpose of resolving the litigation between themselves.

2. The Capital Development Board of the State of Illinois agrees that it shall enter into this stipulation and seek the entry of an order in the Court of Claims in Cause No. 87-CC-0877 for payment to Utility Mechanical Contractors, Inc. in the sum of Two Hundred Thousand and no/100 Dollars ($200,000.00) (the "Court of Claims Judgment") and shall assist and take all actions reasonable to assure the passage of any necessary legislation for the appropriation of said sums. Upon payment to Utility Mechanical Contractors, Inc. of the Court of Claims Judgment, the Capital Development Board shall dismiss with prejudice the Champaign County Action.

3. United States Fidelity and Guarantee Company shall pay the sum of One Hundred Thousand and no/100 Dollars ($100,000.00) to Utility Mechanical Contractors, Inc., which funds (the "USF&G Payment") shall be placed in the contributory trust fund of the Capital Development Board and said funds shall be paid over to Utility Mechanical Contractors, Inc. upon the appropriation and payment of the Court of Claims Judgment. Upon payment to Utility Mechanical Contractors, Inc. of the USF&G Payment, Utility will dismiss with prejudice its action against United States Fidelity and Guarantee Company in the Champaign County Action.

4. Simultaneous with the disbursement of the funds provided in paragraphs 2 and 3 hereof, each of the parties shall sign the Mutual Release, a copy of which is attached hereto and made a part hereof as Exhibit A, releasing each party from the other from any liability, claims, demands, damages, costs, loss of services, expenses and compensation growing out of the contract disputes at the Abbott Power Plant Project, CDB Project Number 0830-010-055. At the time of execution of this Agreement, the Capital Development Board will also execute a release, a copy of which is attached hereto and made a part hereof as Exhibit B, which will release to Utility Mechanical Contractors, Inc. the remaining proceeds of the Retention Trust at the Harris Trust & Savings Bank, which represents amounts retained from payments previously made to Utility Mechanical Contractors, Inc. for work performed at the Abbott Power Plant Project.

5. Utility Mechanical Contractors, Inc. by the execution of this Agreement acknowledges that it is a corporation in good standing in the State of Illinois and that all corporate actions necessary for the execution of this Agreement have been taken.

6. The parties agree that in the event that the Court of Claims Judgment is not paid to Utility Mechanical Contractors, Inc. by March 31, 1994,

then Utility Mechanical Contractors, Inc. may declare this settlement null and void. In the event that Utility elects to declare this settlement null and void pursuant to this paragraph, all parties hereto shall retain all rights that they had against each other that they possessed prior to execution of this Settlement Agreement."

The information on the State's funding of the project can be summarized as follows. The source of the funding is CDB bond money in the 141 fund. Appropriations of the money appear to be rolled over and augmented from year to year. Thus no money for the project technically has lapsed. The project is still ongoing and payments are from fiscal year 1994 funds. Although $72,838.43 remains released and unexpended in the current appropriation, all but $21,948.19 was obligated as of September 4, 1993, and that money is being used to pay for phase IV of the project.

The Court of Claims is not bound by such settlements. The Court does however encourage parties to resolve their disputes and we do not seek to interpose controversy where none appears to exist. In this case the settlement appears to have been entered into by parties knowledgeable of the facts and the law and it appears fair and reasonable.

But for the insufficiency of appropriated money to fund a judgment we would approve the settlement. As explained in *Graham, O'Shea & Hyde v. State* (1992), 44 Ill. Ct. Cl. 175, 177 and the cases cited therein,

"In breach of contract claims, whether the claims are before us on their merits or for approval of a settlement, it is the Court's policy to limit awards so as not to exceed the amount of funds, appropriated and lapsed, with which payment could have been made." (Settlements of cases to be funded with available current appropriations do not require Court approval.) "To do otherwise, *i.e.*, to award money for debt incurred beyond the sum allotted by the General Assembly, would be tantamount to making a deficiency appropriation. The appropriation of State funds for governmental operations is the constitutional prerogative of the General Assembly. It is this Court's duty to uphold that process and advise the General Assembly."

It is for that purpose that the information on funding of the project was ordered to be placed in the record. Due to the lack of money the claim must be denied. For purposes of potential consideration of this settlement by the General Assembly, the Court advises that this is the sole reason for denying the agreed upon award.

The Court also notes the parties have agreed in effect that the settlement is voidable by the Claimant if Claimant is not paid by March 31, 1994. The Claimant is advised that if the General Assembly considers this case, the schedule may not permit final action by said date. If the option of voiding the agreement becomes available to the Claimant, the Court suggests to the Claimant that the option not be exercised without prior investigation of the process.

Wherefore, it is hereby ordered that this claim be, and hereby is, denied.